IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions;<br>The University of Houston System; and<br>The Board of Regents of the University of Houston System,<br><br>    Plaintiffs,<br><br>v.<br><br>South Texas College of Law,<br><br>    Defendant. | Civil Action No. 4: 16-cv-01839<br><br><br><br>JURY |

PLAINTIFFS' EMERGENCY MOTION FOR CONFERENCE
TO ENTER BRIEFING AND HEARING SCHEDULE FOR
<u>PRELIMINARY INJUNCTION MOTION</u>

*Of Counsel*:

**SUTTON MCAUGHAN DEAVER PLLC**
Elizabeth W. King
Robert J. McAughan, Jr.
Albert B. Deaver, Jr.
Jeffrey A. Andrews
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 800-5700
Facsimile: (713) 800-5699

**THE BUZBEE LAW FIRM**

Anthony G. Buzbee
Lead Attorney
JP Morgan Chase Tower
600 Travis
Suite 7300
Houston, TX 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys for Plaintiffs*

July 13, 2016

Defendant South Texas College of Law (hereinafter "STCL") recently[1] announced that it had changed its name to "Houston College of Law," a name confusingly similar to the University of Houston's College of Law (hereinafter "UH").[2] With the name change, STCL also changed its school colors to predominately red and white—the same colors used by the UH since 1947.

UH filed this lawsuit to enforce its trademark rights to stop and prevent further confusion among the relevant public.[3]

STCL has publicly stated that it intends to aggressively defend its decision to use its new, confusingly similar name and that it intends to aggressively market itself using this new name.

Because the irreparable and on-going harm to UH's reputation and goodwill caused by STCL's actions, UH intends to file a comprehensive motion for preliminary.  Along with this emergency motion for conference, UH also will file an emergency motion for interim injunctive relief seeking interim and limited injunctive relief to preserve the status quo as it exists today prior to a ruling on UH's soon-to-be-filed comprehensive motion for preliminary injunction.

Through this emergency motion for conference, UH respectfully requests the Court to schedule a conference with the parties to address discovery, briefing and hearing issues associated with UH's to-be-filed comprehensive motion for preliminary injunction.

---

[1] STCL announced its name change on June 22, 2016, and formally changed its name on July 1, 2016.

[2] University of Houston College of Law is also known as the University of Houston Law Center.

[3] UH does not seek to prevent STCL from using the word "Houston" in its name, nor does UH seek to prevent STCL from using "College of Law" in its name.  For example, UH does not object to the name "South Texas College of Law at Houston" as this name is not likely to cause confusion with UH.  However, UH ***does object*** to the use of "Houston College of Law" because that name is likely to be confused with UH and has, in fact, caused and will continue to cause actual confusion.

I.   **NATURE AND STAGE OF THE PROCEEDINGS**

- UH filed its complaint on Monday, June 27, 2016 (Dkt. No. 1) and service was perfected on Wednesday, June 29, 2016.  *See* Dkt No. 13.

- Defendant STCL's answer date is Wednesday July 20, 2016.

- No counsel has yet appeared for defendant STCL.[4]

- Judge Miller's order of recusal vacated all court settings.  Dkt. No. 11.

- No scheduling order is currently in place.

II.  **STATEMENT OF ISSUES AND STANDARD OF REVIEW**

This motion presents the following issue:

Whether the Court should hold a conference with the parties:

1) to determine whether discovery will be permitted regarding issues raised in UH's to-be-filed comprehensive motion for preliminary injunction.

2) to set a filing and briefing schedule for UH's comprehensive motion for preliminary injunction; and

3) to set an evidentiary hearing date for UH's comprehensive motion for preliminary injunction.

Control of the Court's docket and schedule are matters entrusted to the sound discretion of the Court and are reviewed under an abuse of discretion standard.

---

[4] Defendant's registered agent for service, Donald Guter, instructed Plaintiffs' counsel to contact David Beck of Beck Redden LLP as its counsel for this motion.  *See* Certificate of Conference.

**III.   ARGUMENT**

UH intends to file a comprehensive motion under Fed. R. Civ. P. 65 for a preliminary injunction to prevent STCL's continued use of the confusingly similar name, logo and color scheme.

Because of the significance of this case and the effect of granting or denying a comprehensive preliminary injunction on both UH and STCL, UH believes it is in the interests of justice, the parties and the Court for the Court to set a briefing schedule and determine whether limited discovery is proper prior to the evidentiary hearing.

UH respectfully requests that the Court schedule a conference with the parties as soon as the Court is available to address the briefing schedule, discovery and hearing date.

**IV.   CONCLUSION**

UH respectfully seeks a conference among the parties and the Court to:

1) Determine whether the parties require discovery to present or defend against Plaintiffs' motion for preliminary injunction, the scope and targets of such discovery, and the amount of time needed for any discovery;

2) Establish the filing date and page limit for Plaintiffs' motion for preliminary injunction;

3) Establish the filing date and page limit for Defendant's response to the motion for preliminary injunction;

4) Establish the filing date and page limit for Plaintiff's reply, if any, to Defendant's response to the motion for preliminary injunction;

5) Set the date by which the parties shall exchange lists of witnesses to be called at the evidentiary hearing, and lists of exhibits that may be offered into evidence at the hearing; and

6) Establish the duration and date(s) for an evidentiary hearing on Plaintiffs' motion for preliminary injunction.

A proposed order setting a conference with the parties accompanies this motion.

*Of Counsel*:

**SUTTON MCAUGHAN DEAVER PLLC**

Elizabeth W. King
Texas Bar No. 00788710
S.D. Tex. No. 433,387
eking@smd-iplaw.com
Robert J. McAughan, Jr.
Texas Bar No. 00786096
S.D. Tex. No. 16,501
bmcaughan@smd-iplaw.com
Albert B. Deaver, Jr.
Texas Bar No. 05703800
S.D. Tex. No. 11,300
adeaver@smd-iplaw.com
Jeffrey A. Andrews
Texas Bar No. 24050227
S.D. Tex. No. 608,251
jandrews@smd-iplaw.com
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 800-5700
Facsimile: (713) 800-5699

**THE BUZBEE LAW FIRM**

*s/Anthony G. Buzbee by permission ABD*
Anthony G. Buzbee
Lead Attorney
Texas Bar No. 24001820
S.D. Tex. No. 22,679
tbuzbee@txattorneys.com
JP Morgan Chase Tower
600 Travis
Suite 7300
Houston, TX 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys For Plaintiffs The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions; The University of Houston System; and The Board of Regents of the University of Houston System*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document and exhibits, if any, have been served via the Court's ECF system on those counsel of record who have registered as filing users of the ECF system for this case pursuant to LR 5.1, and by mail on those counsel of record who are not registered as filing users with ECF, as of this 13th day of July 2016.

I also certify that the foregoing document and exhibits, if any, have been served by personal delivery and email on even date to Defendant's counsel at the following address:

David J. Beck
Beck Redden LLP
Houston Office
1221 McKinney Street
Suite 4500
Houston, Texas 77010
dbeck@beckredden.com


s/ Albert B. Deaver, Jr.
Albert B. Deaver, Jr.


**CERTIFICATE OF CONFERENCE**

Defendant, South Texas College of Law, has not yet answered or otherwise responded to the complaint, and no counsel has yet appeared.  Nonetheless, I contacted Defendant's registered agent for service, Donald J. Guter, and was instructed to contact David J. Beck of Beck Redden LLP.  I contacted Mr. Beck, and discussed the relief sought by this motion.  Mr. Beck indicated that Defendant would oppose the requested relief.

*s/ Anthony G. Buzbee*
Anthony G. Buzbee