# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

The Board of Regents of the University
    of Houston System on behalf of the
    University of Houston System and
    its Member Institutions;
The University of Houston System; and
The Board of Regents of the University
of Houston System,

        Plaintiffs,

v.

South Texas College of Law,

        Defendant.

Civil Action No. 4:16-cv-01839

JURY

## PLAINTIFFS' EMERGENCY MOTION
## FOR INTERIM INJUNCTIVE RELIEF

*Of Counsel*:

**SUTTON MCAUGHAN DEAVER PLLC**
Elizabeth W. King
Robert J. McAughan, Jr.
Albert B. Deaver, Jr.
Jeffrey A. Andrews
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 800-5700
Facsimile: (713) 800-5699

**THE BUZBEE LAW FIRM**

Anthony G. Buzbee
Attorney-in-Charge
JP Morgan Chase Tower
600 Travis
Suite 7300
Houston, TX 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys for Plaintiffs*

July 13, 2016

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................................ ii

TABLE OF EXHIBITS ..................................................................................... iv

I.      NATURE AND STAGE OF THE PROCEEDINGS ...................................... 3

II.     STATEMENT OF ISSUES AND STANDARD OF REVIEW ..................... 3

III.    SUMMARY OF ARGUMENT .................................................................... 4

IV.    ARGUMENT ............................................................................................. 6

         A.      UH's Federally Registered and Common Law
                Trademark Rights, International Reputation and Goodwill ................................. 8

         B.      STCL Has Infringed UH's Trademark Rights by Adoption
                Of The Confusingly Similar Mark, Logo and Color Scheme ........................... 12

         C.      Interim Injunctive Relief is Appropriate While the Court
                Considers UH's Comprehensive Motion for Preliminary Injunction ................ 20

V.      CONCLUSION ......................................................................................... 22

CERTIFICATE OF SERVICE ........................................................................ 24

CERTIFICATE OF CONFERENCE ................................................................ 24

# TABLE OF AUTHORITIES

**Cases**                                                                 *Page(s)*

*Abraham v. Alpha Chi Omega,*
    708 F.3d 614 (5th Cir. 2013) ................................................................21

*Am. Waltham Watch Co. v. U.S. Watch Co.,*
    173 Mass. 85 (1899) .............................................................19, 20

*Clearline Tech. Ltd v. Cooper B-Line, Inc.,*
    948 F.Supp.2d 691 (S.D. Tex. 2013) ........................................7, 22

*Concerned Women for Am. Inc. v. Lafayette Cnty.,*
    883 F.2d 32 (5th Cir.1989) ....................................................3

*Daniels Health Science, L.L.C. v. Vascular Health Sciences L.L.C.,*
    710 F3d 579 (5th Cir. 2013) ..................................................3

*eBay, Inc. v. MercExchange, L.L.C.,*
    547 U.S. 388 (2006) .............................................................6

*Elvis Presley Enters., Inc. v. Capece,*
    141 F.3d 188 (5th Cir. 1998) ..................................................7

*Flowserve Corp. v. Hallmark Pump Co.,*
    2011 WL 1527951 (S.D. Tex. Apr. 20, 2011) ...........................6

*Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.,*
    671 F.3d 526 (5th Cir. 2012) ..................................................7

*Prof'l Home Health Care Agency v. Shalala,*
    164 F.3d 282 (5th Cir. 1999) ..................................................4

*Trappey v. McIlhenny Co.,*
    281 F. 23 (5th Cir. 1922) .....................................................19, 20

**Statutes**

15 U.S.C. § 1052 ..........................................................................20

15 U.S.C. § 1114 ............................................................................8

15 U.S.C. § 1125............................................................................8

**Other Authorities**

5 *McCarthy on Trademarks and Unfair Competition* (4th ed. 2014) ..........................................21

**TABLE OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A | Declaration Authenticating Exhibits |
| B | Declaration of Leonard M. Baynes |
| C | *Flowserve Corp. v. Hallmark Pump Co.,* 2011 WL 1527951 (S.D. Tex. Apr. 20, 2011) |
| D | Houston Public Media, *South Texas College of Law Has New Name: Houston College of Law*, June 23, 2016 |
| E | STCL Map and annotated Google Map |
| F | Houston Chronicle Editorial, *What's in a Name?*, June 24, 2016 |
| G | STCL Press Release, *Houston College of Law Stands Behind Name Change: Is Prepared to Defend Decision in Court*, June 28, 2016 |
| H | Screenshots of STCL's website showing color changes over time |
| I | Houston College of Law Wikipedia page showing changes on June 22, 1016 |
| J | STCL email, *Houston College of Law on Tour,* July 6, 2016 |
| K | ICANN WHOIS records for www.hcl.edu and www.houstoncollegeoflaw.com |
| L | Facebook*, Houston College of Law Name Change FAQ*, June 22, 2016 |
| M | Secretary of State name change record for South Texas College of Law |
| N | The AALS Directory of Law Teachers, 2014-2105 |
| O | Sunbelt Minority Recruitment Fair website screenshot, June 27, 2016 |
| P | Annotated Google searches |
| Q | Tax Prof Blog (www.taxprof.typepad.com), June 27, 2016 |
| R | *Am. Waltham Watch Co. v. U.S. Watch Co.,* 173 Mass. 85 (1899) |
| S | Annotated Trademark Snap Shot Publication and Issue Review Sheet for UH's HOUSTON federal trademark registration |
| T | 5 *McCarthy on Trademarks and Unfair Competition* § 30:47.70 (4th ed., June 2016 Update) |

This motion is filed as an ***emergency*** motion because some of Defendant's activities that are a basis of this motion are scheduled to begin in 14 days—on **July 27, 2016,** in Tampa, Florida. This motion seeks limited, injunctive relief to prevent irreparable harm to Plaintiffs.

Defendant South Texas College of Law (hereinafter "STCL") recently changed its name to "Houston College of Law," a name confusingly similar to the University of Houston's College of Law (referred to collectively with the other plaintiffs as "UH"). University of Houston's College of Law is also known as the University of Houston Law Center and Houston Law.[1] Along with the name change, STCL also changed its colors to predominantly red and white—the same colors used by the UH since 1934.

UH filed this lawsuit to enforce its federal and common-law trademark rights and to stop further confusion among the relevant public concerning affiliation between the two schools.

To be clear, UH does not seek to prevent STCL from using the word "Houston" in its name in a non-confusing manner, nor does UH seek to prevent STCL from using the phrase "College of Law" as part of its name.[2] More specifically, UH does not object to "South Texas College of Law at Houston" as this name is not likely to cause confusion with UH. STCL has referred to itself as "South Texas College of Law / Houston" for years. However, UH ***does object*** to the use of "Houston College of Law" as that name has caused and will continue to cause confusion with UH's well-known legal education services as well as confusion as to STCL's origin and affiliation.

---

[1] To avoid confusion about the parties, this motion refers to the defendant as South Texas College of Law and STCL, rather than Houston College of Law or HCL.

[2] Both UH and STCL have used "College of Law" for many decades without causing confusion; to wit, South Texas *College of Law*.

STCL announced its name change on June 22, 2016, and formally changed its name on July 1, 2016. STCL has made it publicly known that it intends to aggressively defend its decision to use the new, confusingly similar name and logo and that it intends to aggressively market itself under the new name. Because the harm to UH's reputation and goodwill caused by a likelihood of confusion is irreparable, UH will file a comprehensive motion for preliminary injunction very soon.[3]

Through this emergency motion, UH respectfully moves the Court for interim and limited injunctive relief to preserve the status quo as it exists today, pending resolution of UH's comprehensive motion. Specifically, and as set forth in more detail below, UH seeks an interim order precluding STCL from:

1) Selling, gifting or otherwise providing or distributing merchandise or other tangible items bearing the "Houston College of Law" name and/or the STCL logo:



2) Providing merchandise or tangible items of any type, including handouts and/or brochures, bearing the "Houston College of Law" name or STCL logo to attendees of the alumni receptions to be held during the Florida and Texas

---

[3] Contemporaneously with this motion, UH has filed an emergency motion requesting a conference with the Court to set a briefing schedule for UH's to-be-filed comprehensive motion for preliminary injunction to address whether the parties require discovery for purposes of presenting and defending the motion for preliminary injunction and to set an evidentiary hearing date. See Dkt No. 15.

"tour" announced by STCL's Dean Guter, which tour is scheduled to begin on July 27, 2016 in Tampa, Florida; and

3) Issuing new or replacement diplomas using the "Houston College of Law" name.

## I. NATURE AND STAGE OF THE PROCEEDINGS

- UH filed its Complaint on Monday, June 27, 2016 (Dkt. No. 1) and service was perfected on Wednesday, June 29, 2016. *See* Dkt No. 13.

- Defendant STCL's answer date is Wednesday, July 20, 2016.

- No counsel has yet appeared for defendant STCL.[4]

- Judge Miller's order of recusal vacated all court settings. Dkt. No. 11.

- No scheduling order is currently in place.

## II. STATEMENT OF ISSUES AND STANDARD OF REVIEW

This emergency motion presents the following issue.

Whether the Court should grant to UH prior to July 27, 2016, limited, interim injunctive relief until UH's comprehensive motion for preliminary injunction can be heard, in the form of an order prohibiting STCL from distributing tangible items of any type bearing the "Houston College of Law" name or the new logo.

The standard of review for these equitable issues is "abuse of discretion" as applied to the substantive requirements for an order of injunction. *See, e.g., Daniels Health Science, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F3d 579 (5th Cir. 2013) (holding that "Reviewing a

---

[4] Defendant's registered agent for service, Donald Guter, instructed Plaintiff's counsel to contact David Beck of Beck Redden LLP as its counsel for this motion. *See* Certificate of Conference.

district court's grant of a preliminary injunction, this court asks 'whether the issuance of the injunction, in the light of the applicable standard, constitutes an abuse of discretion.'") (citing *Concerned Women for Am. Inc. v. Lafayette Cnty.,* 883 F.2d 32, 34 (5th Cir.1989)); *see also Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 284–85 (5th Cir. 1999) (holding "[F]indings of fact that support the district court's decision are examined for clear error, whereas conclusions of law are reviewed *de novo* ...").

## III.     SUMMARY OF ARGUMENT

Beginning a least as early as 1947, UH has used a variety of trademarks containing "Houston" to brand its legal education services.  These trademarks include multiple federally registered trademarks as well as the following common law trademarks:

UNIVERSITY OF HOUSTON LAW

HOUSTON LAW

UNIVERSITY OF HOUSTON COLLEGE OF LAW

HOUSTON

These trademarks, along with UH's red and white color scheme, have become distinctive of UH's high quality of education among the relevant public.

Beginning June 26, 2016 and effective on July 1, 2016, Defendant STCL changed its legal name to Houston College of Law, Inc. and its school colors—as reflected in its promotional materials—to red and white.  Use of these trademarks by STCL, singly and together, will cause and has caused a likelihood of confusion among the relevant public and, therefore, constitutes trademark infringement and unfair competition under federal and state law.  UH is being

irreparably harmed by STCL using in commerce and aggressively advertising and marketing these trademarks.

UH intends to file a comprehensive motion for preliminary injunction and has contemporaneously asked the Court for a conference among the parties to set a briefing and hearing schedule for that motion. See Dkt No. 15.

Because UH is likely to prevail in showing that STCL's name, logo and/or color scheme infringes one or more of UH's registered or common law trademarks, and because UH and STCL are direct competitors for law students in at least Texas and Florida, STCL's commercial activities are causing irreparable harm to UH. Monetary damages alone will not fully compensate UH for the harm already caused and that will be caused by STCL's activities, and the public interest will be best served by minimizing, to the extent possible, the market confusion caused by STCL's actions.

Thus, until such time as UH's comprehensive motion for preliminary injunction can be heard by the Court, UH respectfully requests an order of injunction prohibiting STCL from undertaking certain specific, future marketing activities that will cause irreparable harm to UH. Specifically, UH requests an order on or before July 27, 2106, prohibiting STCL, and all persons in active concert or participation with STCL from:

1) Selling, gifting or otherwise providing or distributing merchandise or other tangible items bearing the "Houston College of Law" name or the new STCL logo.



2) Distributing or providing merchandise or tangible items of any type, including handouts and/or brochures, bearing the "Houston College of Law" name or the new STCL logo to attendees of the Alumni receptions during the Florida and Texas "tour" announced by STCL's Dean Guter, which tour is scheduled to begin on July 27, 2016 in Tampa, Florida; or

3) Issuing new or replacement diplomas using the "Houston College of Law" name.

This requested interim injunction is tailored to STCL's future activities concerning tangible items, and does not seek to prevent, at this point in time, STCL from identifying itself as Houston College of Law. It only seeks to prohibit STCL's distribution of tangible items bearing the infringing marks until UH's comprehensive motion for preliminary injunction can be heard.

IV.    ARGUMENT

To prevail on this request for interim, limited injunctive relief, UH will demonstrate:

(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by an injunction.

*Flowserve Corp. v. Hallmark Pump Co.,* 2011 WL 1527951, at *9 (S.D. Tex. Apr. 20, 2011) (quoting *eBay, Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006)) (copy attached as Exhibit C).

As shown below, and at least for purposes of this limited motion, UH is being irreparably injured because UH and STCL are direct competitors for law students at least in Texas and Florida, and because STCL's use of the confusingly similar Houston College of Law name, logo and color scheme is likely to cause confusion as to source, sponsorship or affiliation between the schools. This irreparable injury will be compounded if STCL is allowed to distribute tangible or printed items of any type on its multi-city tour promoting the name Houston College Of Law beginning July 27, 2016, in Tampa, Florida. *See Clearline Tech. Ltd v. Cooper B-Line, Inc.,* 948 F.Supp.2d 691, 715 (S.D. Tex. 2013) (holding that "Where the infringement involves direct competitors, a finding of irreparable harm may well be appropriate" based on a finding of likelihood of confusion); *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.,* 671 F.3d 526, 532 (5th Cir. 2012) (setting out the 8 "digits of confusion"); *Elvis Presley Enters., Inc. v. Capece,* 141 F.3d 188, 194 (5th Cir. 1998) (holding that "No one factor is dispositive, and a finding of a likelihood of confusion does not even require a positive finding on a majority of these digits of confusion.")

UH is one of the oldest and most respected law schools in the United States. For many decades, UH has used the marks UNIVERSITY OF HOUSTON LAW, HOUSTON LAW, UNIVERSITY OF HOUSTON COLLEGE OF LAW and HOUSTON (hereinafter "the UH Marks") to advertise and promote its college of law. Exh. B, UH Decl. at ¶11. Due to the Tier 1 legal education provided by UH, the college has engendered national name recognition and extensive goodwill associated with the UH Marks. *Id.* at ¶7. In addition to the names used by

UH to advertise and promote its legal education services, UH adopted the color scheme "cougar red" and white in 1947 and uses it to promote its law college along with the greater university itself (hereinafter "the UH Colors"). *Id*. at ¶10. The UH Colors are well known and directly associated with the UH Marks. *Id*.

In contrast, STCL has admitted that the national name recognition of *South Texas College of Law* is minimal (around 2%). Exh. D, STCL Has New Name. Rather than undertake an aggressive marketing campaign or other legitimate effort to raise its profile and standing, or choose a name uniquely associated with its law college, STCL simply, yet willfully, chose to appropriate confusingly similar versions of the UH Marks and the UH Colors in an apparent attempt to capitalize on the goodwill and name recognition developed by UH over almost 90 years.

More specifically, on June 22, 2016, STCL began using and promoting the name HOUSTON COLLEGE OF LAW to advertise its law college along with a red and white color scheme and a font that are strikingly similar, if not identical to, the UH Marks and UH Colors. Exh. B, UH Decl. at ¶17. The selection and use by STCL of this new brand is likely to cause, and on information and belief has caused, substantial confusion in the marketplace. Moreover, STCL's adoption of these marks, including the UH Colors, is intended to cause confusion, mistake, or deception as to origin, sponsorship or approval of STCL's education services, which would directly benefit STCL across the nation to UH's detriment. STCL's actions constitute federal trademark infringement in violation of 15 U.S.C. § 1114(1), common law trademark infringement and unfair competition under 15 U.S.C. § 1125(a).

**A.     UH's Federally Registered and Common Law Trademark Rights, International Reputation and Goodwill**

The University of Houston was founded in 1927 and officially became the *University of Houston* in 1934. Exh. B, UH Decl. at ¶5. Two years later, UH acquired land for a permanent campus, and its first building opened in 1939. *Id*. UH became a state institution in 1963 and joined the newly created University of Houston System in 1977. *Id*.

Since 1934, UH has provided education services under the University of Houston brand, and has acquired a national reputation for excellence in those services. *Id*.

UH is ranked as Tier 1 in the prestigious Carnegie Research University Rankings based on research funding and performance. *Id* at ¶7. It is rated in the top 15% of all universities by the Princeton Review based on survey information from more than 122,000 students. *Id*. A Phi Beta Kappa chapter was granted to UH in 2015-an honor enjoyed by only approximately 10 percent of the nation's institutions of higher education that have qualified for this elite academic organization. *Id*.

Today, UH is a major public research and teaching institution, serving more than 42,000 students annually with nearly 300 undergraduate and graduate programs in 12 colleges, including a college of law. *Id*. at ¶8.

Red and White are the official school colors of UH and have been since the university seal was adopted in 1934. *Id* at ¶10. Every Friday is Cougar Red Friday at UH. *Id*. Students, faculty and alumni wear red and white to show pride and passion for the institution. *Id*. at ¶10.

The University of Houston name is extremely well known throughout the United States and internationally. The publicity, public recognition and reputation of UH have been

established in academics, sports and law, and are often referred to and marketed as simply HOUSTON. *Id*. at ¶11.

The marks UNIVERSITY OF HOUSTON and HOUSTON are widely recognized symbols of UH's marketplace goodwill and are the subject of numerous federal trademark registrations. For example, and without limitation, UH owns the United States Trademark Registrations listed in Dean Baynes Declaration submitted herewith as Exh. B. *Id*. at ¶9

The College of Law, founded in 1947, has tremendous goodwill and name recognition associated with the UH Marks and the UH Colors in connection with its law school services. *Id*. at ¶¶11-12 & 14. For example, the College of Law is also known as the University of Houston Law Center, HOUSTON LAW, HOUSTON, and on diplomas it is called as UNIVERSITY OF HOUSTON COLLEGE OF LAW. *Id*. at ¶¶11 &14. UH's acclaimed Law Review is named HOUSTON LAW REVIEW and has been for many decades. *Id*. at ¶13. It is easy to see how the "Houston College of Law" Law Review would be immediately confused with one of the most prestigious law reviews published in the United States, the Houston Law Review.

The association of UH with Houston College of Law is significant. It is proudly displayed on the permanent signage of Law Center's facilities:



*Id*. at ¶14.  It has been use on diplomas issued by UH:



*Id*.

For 2016, UH's Law Center is ranked 50th of U.S. law schools by U.S. News & World Report based on a multi-factor analysis including bar passage rate, job placement, and LSAT scores. The UH Law Center is ranked 29th by the National Law Journal among "Go to" law schools based on the percent of graduates hired by the top 250 law firms in U.S. (2016). And according to the data released for the February 2016 Bar Exam, graduates of the UH Law Center established a Bar pass rate that is the highest among Texas law schools, at 83.33%.[5] Many other recognitions and accolades awarded to the University of Houston College of Law are outlined in the Complaint. *See, e.g,* Dkt No. 1 at ¶¶13–49.

UH has strong common law rights in the UH Marks and the UH Colors having used them prominently and consistently for its education services without interruption. As a result, UH's branding strategy based around the UH Marks and the UH Colors points the relevant market directly and immediately to UH, and serves as UH's identity and persona in the eyes of consumers, purchasers, and potential purchasers. This acquired distinctiveness of the UH marks and UH colors has existed long prior to any commercial activities undertaken by STCL under the newly adopted "Houston College of Law" name and identical or nearly identical color scheme.

The UH Marks used in conjunction with the UH Colors operate as brands, are famous, and are widely known by the relevant public as a designation of source of high quality UH education services. The UH Marks became famous decades before STCL commenced any use of the confusingly similar name and color scheme.

UH has never authorized or licensed STCL to use any of UH's Marks or the UH Colors. *Id.* at ¶16.

---

[5] In contrast, STCL's Bar Passage Rate for February 2016 was 64.84%

**B.** **STCL Has Infringed UH's Trademark Rights by Adoption Of The Confusingly Similar Mark, Logo And Color Scheme**

On Wednesday, June 22, 2016, STCL announced, "South Texas College of Law is changing its name to Houston College of Law." Exh. B, UH Decl. at ¶17. Concurrently, STCL's entire website ([www.stcl.edu](www.stcl.edu)) was changed to reflect this new name and the new red and white color scheme. *Id*. at ¶18. STCL went so far as to show the new logo on a map of downtown creating the distinct impression that it is part of the UH system.



The Court will note that one of the five (5) UH Downtown Campus classroom buildings (Building 5, the Willow Street Pump Station) is located at 811 San Jacinto, the same street as STCL, whose building address is 1303 San Jacinto. Compare STCL's map with the Google

map below, which has been annotated to show San Jacinto Street and the relevant buildings.



*See* Exh. E, STCL and Google Maps.  So, not only are the two law colleges' names confusingly similar, they both have educational facilities on the same street—San Jacinto—in downtown Houston.

The public immediately recognized the likely confusion that STCL's name change will cause.  A mere two days after STCL's announcement, on June 24, 2016, the Editorial Board of the Houston Chronicle new paper penned an editorial stating that the name STCL selected was very likely to be confused with UH and the UH Marks.  Commenters on the editorial also expressed disapproval of the name change and the apparent intentional desire by STCL to take advantage of UH's name recognition.  Exh. F, Houston Chronicle Editorial

In a press release entitled *"Houston College of Law Stands Behind Name Change; Is Prepared to Defend Decision in Court"* dated June 28, 2016, STCL asserted that it had not

adopted new colors and that it had used crimson as a "primary color" since the 1960's. Exh. G, STCL Stands Behind Name Change. STCL's assertion is not entirely accurate. At best, STCL has intermittently and inconsistently used crimson and gold as its school colors. Indeed, STCL will have to admit it has alternated between a color scheme of blue, gray and white, crimson and beige, crimson and gold, and the new bright red and white color scheme that was apparently first used in October 2015 with the STCL's former SOUTH TEXAS COLLEGE OF LAW name and Design. Exh. H, STCL website color changes.

Curiously, on the day it announced its name change, the STCL Wikipedia page was modified to state that its official colors are crimson, *white* and gold. That same web page was amended again on June 28, 2016 (immediately following the service of UH's complaint on STCL) to state the colors are crimson and gold—with no mention of white. Exh. I, Changes to STCL Wikipedia page. However, it is clear that the color scheme actually adopted by STCL and used in its promotional materials is predominantly red and white. *See* [www.hcl.edu](www.hcl.edu). To whatever extent gold is used by STCL, it has been used sporadically and does not appear at all in the press release of July 6, 2016, announcing Dean Guter's scheduled tours. Exh. J, Houston College of Law on Tour.

STCL's June 28 press release (Exhibit G), stated that "Houston College of Law, formerly South Texas College of Law, asserts its new name will not create confusion with the University of Houston Law Center" and that it changed its name from SOUTH TEXAS COLLEGE OF LAW to HOUSTON COLLEGE OF LAW to "avoid confusion." It did not address the ways in which presentation of HOUSTON COLLEGE OF LAW in red and white would avoid causing confusion in the public with the UH Marks used in conjunction with the UH Colors. *Id*.

STCL is aggressively promoting the new, confusingly similar name, both in public and on the Internet. Previously, on March 22, 2016, STCL registered www.HCL.edu as a domain name and it now uses that site to prominently display the infringing mark and UH's red and white colors. Exh. K, ICANN WHOIS records.

STCL is also encouraging its May graduates and alumni to order new diplomas bearing the "Houston College of Law" name so that these alumni might convey that they graduated from a school that they did not actually attend. Exh. L, STCL Facebook page.

On July 1, 2016, STCL formally changed the name of its corporate identity from South Texas College of Law to Houston College of Law, Inc. Exh. M, STCL Secretary of State record.

Perhaps most importantly, on July 6, 2016, STCL issued a press release entitled *"Houston College of Law On Tour"* announcing that the law school's Dean, Donald Guter, would be spreading the word about "the great things that are happening at Houston College of Law" in a multi-city tour across the states of Texas and Florida starting July 27, 2016. Exh. J, Houston College of Law on Tour. STCL has launched an aggressive advertising campaign running the following advertisements in the Houston Chronicle on Sunday July 10, 2016. Exh. B, UH Decl. at ¶19. Compare STCL's July 10, 2016, advertisements, below:





with UH's corresponding ad correcting the association of "Houston Law" with UH:



chron.com                    Sunday, July 10, 2016 | Houston Chronicle Custom Publishing Group | **GETTING AHEAD**    **5**

     Through these aggressive actions, STCL has made it explicitly clear that it intends to forcefully market the infringing mark in interstate commerce and encourage graduates of its law school to deceive the public as to the origin of their legal education.

     The confusion caused by STCL's activities is not only likely, it is real.  For years, many third parties, such as the American Association of Law Schools (AALS) have referred to UH's College of Law simply as "HOUSTON" further reinforcing the fact that one of the UH Marks is the term HOUSTON.  Exh. N, AALS Directory.  This association of UH's College of Law with HOUSTON trademark is so significant that, after STCL's announcement, an organizer with the Sunbelt Minority Recruitment Fair was confused by the name change and replaced University of Houston's name in the electronic materials associated with the program with the Houston College of Law name because they mistakenly believed that Houston College of Law referred to UH – not STCL.  Exh. O, Sunbelt Media screenshot.  In fact, the drop down menu was modified

to list both "SOUTH TEXAS COLLEGE OF LAW" and "HOUSTON COLLEGE OF LAW" because Sunbelt Media believed that the HOUSTON COLLEGE OF LAW name was associated with UH and NOT STCL. *Id.*

This is not the only example of actual and likely confusion. For example:

- A Google search for HOUSTON COLLEGE OF LAW pulls up both UH and STCL. Exh. P, Google Searches

- A Google search for HOUSTON COLLEGE OF LAW FACEBOOK pulls up UH and STCL. Exh. P, Google Searches

- A Google images search for HOUSTON COLLEGE OF LAW pulls up UH's and the STCL's logos in the same color scheme. Exh. P, Google Searches

Even STCL is confused by the name change. UH has received emails from its graduates forwarding communications sent by STCL to UH graduates mistakenly identifying them as graduates of "Houston College of Law." Exh. B, UH Decl. at ¶20.

Still further, several legal blogs regularly reviewed by law students, law practitioners and those in the legal field, such as Above the Law (www.abovethelaw.com) and Tax Prof (www.taxprof.typepad.com) have opined that the name change will confuse the public. The Tax Prof blog also posted an interesting comparison of STCL's former logo in gray, blue and white with its new logo that predominantly uses UH's red and white colors. Exh. Q, Tax Prof blog.

When faced with immediate public condemnation of the confusing name change, STCL asserted that it has an absolute right to use the word HOUSTON as a mark since its law school is located in Houston, Texas. Exh. G, STCL Stands Behind Name Change. However, STCL would have done well to review the landmark 1899 trademark case *Am. Waltham Watch Co. v. U.S. Watch Co.,* 173 Mass. 85 (1899) (copy attached as Exhibit R), and its progeny, which have informed the development of trademark law on geographic terms for the past 115 years. The

Fifth Circuit recognized the persuasiveness of *Waltham* in the 1922 case of *Trappey v. McIlhenny Co.,* where the court stated:

> Where one has marked his goods with a geographical name for so long a time that they have become known in the market by that name, the use of that name to describe goods of a subsequent maker will be restrained as unfair competition.

> \* \* \*

> The Waltham Watch Case is instructive on this point. In that case an injunction was sought—

> 'to enjoin the defendant from advertising its watches as the 'Waltham Watch' or 'Waltham Watches,' and from marking its watches in such a way that the word 'Waltham' is conspicuous. The plaintiff was the first manufacturer of watches in Waltham, and had acquired a great reputation before the defendant began to do business. It was found at the hearing that the word 'Waltham,' which originally was used by the plaintiff in a merely geographical sense, now, by long use in connection with the plaintiff's watches, has come to have a secondary meaning as a designation of the watches which the public has become accustomed to associate with the name.

281 F. 23, 25-26 (5th Cir. 1922). Both the *Waltham Watch* court and the *Trappey* court held the defendant liable for unfair competition. The Lanham Act itself codifies this reality in Section 2(f) (15 U.S.C. § 1052(f)), which authorizes the registration of geographic terms that have acquired secondary meaning, also known as "acquired distinctiveness."[6]

Thus, there is no absolute right for STCL to use a geographic term—Houston—in its trademark, especially where, as here, UH's long prior use of the term has acquired secondary meaning with the relevant public for legal education services.

### C. Interim Injunctive Relief is Appropriate While the Court Considers UH's Comprehensive Motion for Preliminary Injunction

---

[6] UH owns U.S. Trademark Registration No. 4,650,772 for HOUSTON (serial no.76/710,528). As shown in Exhibit. S, the HOUSTON trademark is registered under 15 U.S.C. §1052(f) (Section 2(f)), which means UH presented persuasive evidence that UH's use of HOUSTON as a trademark had acquired distinctiveness.

STCL's adoption and active promotion of the confusingly similar HOUSTON COLLEGE OF LAW name violates UH's federal and common law trademarks. As discussed above, UH will file a comprehensive motion for preliminary injunction seeking to halt STCL's infringement pending final resolution of this case. Until that motion for preliminary injunction can be heard, UH seeks limited interim relief to limit the irreparable harm to UH by preserving the status quo.

The interim relief is directed to ***immediate future activities*** by STCL; that is, activities that have yet to occur. Specifically, UH requests an order prohibiting STCL, and all persons in active concert or participation from:

1) Selling, gifting or otherwise providing or distributing merchandise or other tangible items bearing the "Houston College of Law" name or the new STCL logo.



2) Providing or distributing merchandise or tangible items of any type, including handouts and/or brochures, bearing the "Houston College of Law" name or the new STCL logo to attendees of the Alumni receptions during the Florida and Texas "tour" announced by STCL's Dean Guter, which tour is scheduled to begin on July 27, 2016 in Tampa, Florida; or

3) Issuing new or replacement diplomas using the "Houston College of Law" name.

Based on UH's federally registered and common-law trademarks (*e.g..*, the UH Marks and UH Colors), UH has a substantial likelihood of success in proving a likelihood of confusion

exists.  In *Abraham v. Alpha Chi Omega*, 708 F.3d 614 (5th Cir. 2013), the Fifth Circuit affirmed entry of an injunction in reliance on the presumption of irreparable harm flowing from trademark infringement, stating "[a]ll that must be proven to establish liability and the need for an injunction against infringement is the likelihood of confusion—injury is presumed."  *Id.* at 627 (*quoting* 5 *McCarthy on Trademarks and Unfair Competition* § 30:2).

> As Professor McCarthy states,
>
> the reason for the trademark presumption of irreparable injury is that once a probability of proving likelihood of confusion at trial is shown, the trademark owner's business goodwill and reputation are at risk.
>
> . . . . Because of the likelihood that confused persons will mistakenly attribute to plaintiff defects or negative impressions they have of defendant's goods or services, the plaintiff's reputation is threatened: it is in the hands of the defendant.
>
> . . . . A likelihood of damage to reputation is by its nature "irreparable."  Like trying to un-ring a bell, trying to "compensate" after the fact for damage to business goodwill and reputation cannot constitute a just or full compensation. This distinguishes trademark cases from the neighboring areas of patent and copyright law.

5 *McCarthy on Trademarks and Unfair Competition* § 30:47.70 (4th ed., June 2016 Update) (footnote omitted) (copy attached as Exhibit T).  And, as this Court has recognized "[w]here the infringement involves direct competitors, a finding of irreparable harm may well be appropriate" based on a finding of likelihood of confusion.  *Clearline Tech. Ltd v. Cooper B-Line, Inc.,* 948 F.Supp.2d 691, 715 (S.D. Tex. 2013)

Finally, enjoining the active future marketing of tangible items bearing STCL's confusingly similar name will not have an adverse effect on the public, and in fact will minimize the confusion created until Court can consider UH's formal motion for preliminary injunction.


**V.      CONCLUSION**

For at least the reasons presented above, UH respectfully moves the Court to enter the order of injunction submitted herewith.

Dated July 13, 2016

*Of Counsel*:

**SUTTON MCAUGHAN DEAVER PLLC**

Elizabeth W. King
Texas Bar No. 00788710
S.D. Tex. No. 433,387
eking@smd-iplaw.com
Robert J. McAughan, Jr.
Texas Bar No. 00786096
S.D. Tex. No. 16,501
bmcaughan@smd-iplaw.com
Albert B. Deaver, Jr.
Texas Bar No. 05703800
S.D. Tex. No. 11,300
adeaver@smd-iplaw.com
Jeffrey A. Andrews
Texas Bar No. 24050227
S.D. Tex. No. 608,251
jandrews@smd-iplaw.com
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 800-5700
Facsimile: (713) 800-5699

**THE BUZBEE LAW FIRM**

*s/Anthony G. Buzbee by permission ABD*
Anthony G. Buzbee
Attorney-in-Charge
Texas Bar No. 24001820
S.D. Tex. No. 22,679
tbuzbee@txattorneys.com
JP Morgan Chase Tower
600 Travis
Suite 7300
Houston, TX 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys For Plaintiffs The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions; The University of Houston System; and The Board of Regents of the University of Houston System*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document and exhibits, if any, have been served via the Court's ECF system on those counsel of record who have registered as filing users of the ECF system for this case pursuant to LR 5.1, and by mail on those counsel of record who are not registered as filing users with ECF, as of this 13th day of July 2016.

I also certify that the foregoing document and exhibits, if any, have been served by personal delivery and email on even date to Defendant's counsel at the following address:

David J. Beck
Beck Redden LLP
Houston Office
1221 McKinney Street
Suite 4500
Houston, Texas 77010
dbeck@beckredden.com

*s/ Albert B. Deaver, Jr.*
Albert B. Deaver, Jr.

**CERTIFICATE OF CONFERENCE**

Defendant, South Texas College of Law, has not yet answered or otherwise responded to the complaint, and no counsel has yet appeared. Nonetheless, I contacted Defendant's registered agent for service, Donald J. Guter, and was instructed to contact David J. Beck of Beck Redden LLP. I contacted Mr. Beck, and discussed the relief sought by this motion. Mr. Beck indicated that Defendant would oppose the requested relief.

*s/ Anthony G. Buzbee*
Anthony G. Buzbee