IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions; <br> The University of Houston System; and The Board of Regents of the University of Houston System, <br><br> Plaintiffs, <br><br> v. <br><br> South Texas College of Law, <br><br> Defendant. | Civil Action No. 4:16-cv-01839 <br><br><br> JURY |

**PLAINTIFF UH'S ANSWER TO**
**DEFENDANT STCL'S COUNTERCLAIM**

Plaintiffs The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions; The University of Houston System; and The Board of Regents of the University of Houston System (collectively "UH") file this Answer to the Counterclaim of Defendant Houston College of Law, Inc.'s, formerly known as South Texas College of Law, ("STCL") Answer, Affirmative Defenses and Counterclaim, Dkt. No. 21, ("Counterclaim") and state as follows:

116. In response to Paragraph 116, UH does not dispute that STCL has advanced counterclaims for cancellation of U.S. Trademark Registration No. 4,650,772; for a declaration of invalidity as to alleged common law marks; for a declaration of abandonment of alleged trademark rights in the name "University of Houston College of Law," and for a declaration of non-infringement as to the asserted marks. UH DENIES any remaining allegations in Paragraph 116 of the Counterclaim.

## Jurisdiction and Venue

117. In response to Paragraph 117 of the Counterclaim, UH does not dispute that STCL has advanced counterclaims under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* UH does not dispute that the Court has subject matter jurisdiction over this dispute. UH DENIES any remaining allegations in Paragraph 117 of the Counterclaim.

118. In response to Paragraph 118 of the Counterclaim, UH is not challenging the propriety of venue in this District under 28 U.S.C. § 1391(b), (c).

## Parties

119. UH admits the allegations in Paragraph 119.

120. On information and belief, in response to paragraph 120 of the Counterclaim, UH admits that STCL is a domestic nonprofit corporation with an address at 1303 San Jacinto Street, Houston, Texas 77002.

## Factual Allegations

121. In response to Paragraph 121, UH admits that The University of Houston System which comprises the UH plaintiffs, owns U.S. Trademark Registration No. 4,650,772 for the mark HOUSTON. UH admits that the subject trademark was registered on the Principal Register on December 9, 2014. UH admits that the registration for the subject mark is not more than five years of age and thus not subject to protections conferred by Sections 14 and 15 of the Lanham Act. UH DENIES any remaining allegations in Paragraph 121 of the Counterclaim.

122. In response to Paragraph 122, UH admits that UH holds common law rights to the marks UNIVERSITY OF HOUSTON COLLEGE OF LAW, UNIVERSITY OF HOUSTON LAW CENTER, HOUSTON LAW, and the red and white color scheme used in conjunction with

its various common law and federally registered trademarks for its goods and services. Further, UH admits that the marks UNIVERSITY OF HOUSTON COLLEGE OF LAW, UNIVERSITY OF HOUSTON LAW CENTER, HOUSTON LAW, and the red and white color scheme are not federally registered. Further, UH admits that HOUSTON LAW is the subject of a federal trademark application. UH DENIES the remaining allegations in Paragraph 122 of the Counterclaim.

123. UH DENIES the allegation in Paragraph 123.

124. UH admits that STCL has filed an application with the U.S. Patent and Trademark Office to register HOUSTON COLLEGE OF LAW and Design (logo) as a trademark (Application Serial No. 87035349). UH DENIES that the aforementioned mark belongs to STCL. UH DENIES the remainder of the allegations in Paragraph 124.

125. UH DENIES the allegations in Paragraph 125.

**COUNT I — CANCELLATION OF U.S. REGISTRATION NO. 4,650,772**

126. UH incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

127. UH DENIES the allegations in Paragraph 127.

128. UH DENIES the allegations in Paragraph 128.

129. In response to Paragraph 129, UH does not dispute that the Court has the power to order the cancellation of trademark registrations under 15 U.S.C. § 1119. UH DENIES the remaining allegations in Paragraph 129 of the Counterclaim.

## COUNT II – DECLARATORY JUDGMENT

130. UH incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

131. UH does not dispute that an actual, present and justiciable case and controversy concerning UH's rights to enforce certain marks and STCL's alleged right to use the HOUSTON COLLEGE OF LAW name alone or in conjunction with other designs, and/or alone or in conjunction with the red and white color scheme exists. UH DENIES the remaining allegations in Paragraph 131 of the Counterclaim.

132. UH does not dispute that an actual, present and justiciable case and controversy concerning the validity and protectability of UH's common law marks—UNIVERSITY OF HOUSTON COLLEGE OF LAW and HOUSTON LAW, and UH's red and white color scheme—exists. UH DENIES the remaining allegations in Paragraph 132 of the Counterclaim.

133. UH does not dispute that STCL seeks a declaration that the rights UH owns the mark UNIVERSITY OF HOUSTON COLLEGE OF LAW have become abandoned and thus unenforceable due to what STCL alleges is UH's discontinuance of use of such mark. UH DENIES the remaining allegations in Paragraph 133 of the Counterclaim.

134. UH does not dispute that STCL seeks a declaration that STCL does not and has not directly or indirectly infringed any of UH's trademarks. UH DENIES the remaining allegations in Paragraph 134 of the Counterclaim.

## **DEMAND FOR JURY CHARGE**

135. No response is required to STCL's request for a jury trial. However, Plaintiff demands a jury trial on issues so triable.

## PRAYER FOR RELIEF

136. These paragraphs set forth the statement of relief requested by STCL to which no response is required. UH DENIES that STCL is entitled to any of the requested relief whatsoever.

Dated August 10, 2016

*Of Counsel*:

**SUTTON MCAUGHAN DEAVER PLLC**

Elizabeth W. King
Texas Bar No. 00788710
S.D. Tex. No. 433,387
eking@smd-iplaw.com
Robert J. McAughan, Jr.
Texas Bar No. 00786096
S.D. Tex. No. 16,501
bmcaughan@smd-iplaw.com
Albert B. Deaver, Jr.
Texas Bar No. 05703800
S.D. Tex. No. 11,300
adeaver@smd-iplaw.com
Jeffrey A. Andrews
Texas Bar No. 24050227
S.D. Tex. No. 608,251
jandrews@smd-iplaw.com
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 800-5700
Facsimile: (713) 800-5699

THE BUZBEE LAW FIRM

*s/Anthony G. Buzbee by permission ABD*
Anthony G. Buzbee
Attorney-in-Charge
Texas Bar No. 24001820
S.D. Tex. No. 22,679
tbuzbee@txattorneys.com
JP Morgan Chase Tower
600 Travis
Suite 7300
Houston, TX 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys For Plaintiffs The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions; The University of Houston System; and The Board of Regents of the University of Houston System*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and exhibits, if any, have been served via the Court's ECF system on those counsel of record who have registered as filing users of the ECF system for this case pursuant to LR 5.1, and by mail on those counsel of record who are not registered as filing users with ECF, as of this 10th day of August 2016.

*s/Albert B. Deaver, Jr.*
Albert B. Deaver, Jr.
