## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

The Board of Regents of the University
 of Houston System on behalf of the
 University of Houston System and
 its Member Institutions;
The University of Houston System; and
The Board of Regents of the University
of Houston System,

     *Plaintiffs*,

v.

South Texas College of Law,
     *Defendant*.

Civil Action No. 4:16-cv-01839


JURY


## FIRST AMENDED COMPLAINT

Plaintiffs, The University of Houston System and its Member Institutions, through its Board of Regents, The University of Houston System, and the Board of Regents of the University of Houston System, (also referred to herein, collectively, as "UH") for their complaint against South Texas College of Law, plead and allege as follows:

### SUMMARY OF THIS CASE

1.    South Texas College of Law (also referred to herein as "STCL") recently announced a name change to "Houston College of Law," a name strikingly similar to the University of Houston Law Center and all of the various alternate marks associated with that institution (*e.g.*, "Houston Law").  At the same time, STCL changed its colors to red and white—colors for many years nationally associated with the University of Houston (commonly referred to as the "Cougar Red"). STCL's actions intentionally and willfully infringe upon UH's intellectual property.

STCL's actions are also violations of the unfair competition laws in the State of Texas. Through this name change and by adopting UH's color scheme, STCL is attempting to associate itself with the standing and reputation of the University of Houston System and the University of Houston Law Center.  STCL's actions have resulted in, and likely will result in, confusion in the market place, causing damage to UH.  Through this suit, UH seeks to protect its hard-earned reputation and its well-known brand.

## THE PARTIES

2.      The plaintiff Board of Regents of University of Houston System is an agency of the executive branch of the State of Texas, may sue on behalf of its members, and has an address at 128 Ezekiel Cullen Building, 4302 University Drive, Houston, Texas 77204-6001. The plaintiff University of Houston System is composed of all those institutions and entities presently under the governance, control, jurisdiction, and management of the Board of Regents of the University of Houston System, and has an address at 128 Ezekiel Cullen Building, 4302 University Drive, Houston, Texas 77204-6001.

3.      The defendant, South Texas College of Law, is a domestic nonprofit corporation having an address at 1303 San Jacinto Street, Houston, Texas 77002.  Donald J. Guter, the dean of STCL, is the registered agent and may be served at 1303 San Jacinto Street, Houston, Texas 77002.

## NATURE OF ACTION AND JURISDICTION

4.      This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, state and common law trademark infringement and unfair competition under Tex. Bus. & Comm. Code, § 16.29 and the common law of the state of Texas.

-2-

5.     This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over UH's claims under state law under 28 U.S.C. § 1367(a).

6.     This Court has personal jurisdiction over defendant South Texas College of Law because, *inter alia*, it resides within this judicial district, it does business in this judicial district and the conduct complained of in this Complaint occurred in this judicial district.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL CLAIMS ASSERTED

8.     On Wednesday, June 22, 2016, STCL announced, "South Texas College of Law is changing its name to Houston College of Law."

9.     Concurrently, the STCL website was changed to reflect this new name and its new red and white color scheme, as shown below:



10.    Thus, not only has STCL chosen a name for its legal education services that is substantially similar to UH's names and trademarks for its legal education services, but STCL has appropriated UH's red and white color scheme.  Clearly, STCL intends to trade on the reputation and goodwill established by UH throughout its various colleges and campuses.

11.    If STCL is allowed to rebrand itself as *Houston College of Law*, the market of law students, potential law students, lawyers and consumers of legal services (among others) likely, and inevitably, will be confused into believing: that there is some sponsorship of STCL by UH, or that there is some affiliation between STCL and UH, or that UH warrants, backs or approves of the legal education services provided by STCL, or that UH and STCL are one and the same

-4-

entity because the UH System has four main campuses and three other campuses all around the city of Houston.  None of which is true.

12.    STCL has admitted that the national name recognition of *South Texas College of Law* is minimal (around 2%).  Rather than undertake an aggressive marketing campaign or other legitimate effort to raise its profile and standing, STCL simply, yet willfully, chose to appropriate UH's red and white color scheme and change its name to a confusingly similar version of the well-known University of Houston registered and common law trademarks.

**A.    UH's Hard Earned Reputation and Well-Known Brand**

13.    UH was founded in 1927 and officially became the *University of Houston* in 1934. Two years later, UH acquired land for a permanent campus, and its first building opened in 1939. UH became a state institution in 1963 and joined the newly created University of Houston System in 1977.

14.    Since 1934, UH has provided education services under the University of Houston brand, and has acquired a national reputation for excellence in those services.  UH is ranked in Tier 1 in the prestigious Carnegie Research University Rankings based on research funding and performance.  It is rated in the top 15% of all universities by the Princeton Review based on survey information from more than 122,000 students.  A Phi Beta Kappa chapter was granted to UH in 2015—an honor enjoyed by only approximately 10 percent of the nation's institutions of higher education.

15.    Today, UH is a major public research and teaching institution, serving more than 42,000 students annually with nearly 300 undergraduate and graduate programs in 15 colleges, including a college of law.

16.     Red and White are the official school colors of UH and have been since the university seal was adopted in 1938.

# UNIVERSITY of HOUSTON

17.     Every Friday is Cougar Red Friday at UH.  Students, faculty and alumni wear red and white to show pride and passion for the institution.

18.     The University of Houston name is extremely well known throughout the United States and beyond.  The publicity, public recognition and reputation of UH have been established in academics, sports and law.

19.     The brand *University of Houston* is a widely recognized symbol of UH's marketplace goodwill and is the subject of numerous federal trademark registrations.  For example, and without limitation, UH owns the following United States Trademark Registrations.

20.     U.S. Reg. No. 0,747,078, used in connection with "educational services rendered through the medium of television and radio and sporting events" in International Class 41.  This trademark was registered on the Principal Register on March 19, 1963, and has become incontestable.  A reproduction of the mark is shown below:

**UNIVERSITY OF HOUSTON**

21.     U.S. Reg. No. 3,025,231, used in connection with "Printed publications, namely, reports, catalogs, books, brochures, directories, pamphlets, diplomas, and manuals in the field of university curriculum for the use by the public, students, staff and faculty" in International Class 16.  This trademark was registered on the Principal Register on December 13, 2005, and has become incontestable.  A reproduction of the mark is shown below:

-6-

**University of
Houston**

22.    U.S. Reg. No. 0,917,683, used in connection with, among other things, "catalogs, reports, brochures, books, directories, calendars, general information and other pamphlets for students; and lab manuals" in International Class 9.   This trademark was registered on the Principal Register on August 3, 1971.  A reproduction of this mark is shown below:



23.    U.S. Reg. No. 2,749,347, used in connection with, among other things, "educational services, namely providing college and graduate level courses of instruction, continuing education courses and seminars and opportunities for students to participate in educational research programs …" in International Class 41.   This trademark was registered on the Principal Register on August 12, 2003, and has become incontestable.   A reproduction of the mark is shown below:



24.     U.S. Reg. No. 3,866,209, used in connection with, among other things various printed materials, clothing, advertising and "educational services, namely providing college and graduate level courses of instruction, continuing education courses and seminars in … legal … field[]…" in International Classes 16, 25, 35 and 41.   This trademark was registered on the Principal Register on October 26, 2010.  A reproduction of this mark is shown below:

**UNIVERSITY of HOUSTON**
**YOU ARE THE PRIDE**

25.     U.S. Reg. No. 4,116,569, used in connection with, among other things, various printed materials, clothing and "educational services, namely providing college and graduate level courses of instruction, continuing education courses and seminars in the … legal … field[] …" in International Classes 16, 25 and 41.  This trademark was registered on the Principal Register on March 27, 2012.  A reproduction of this mark is shown below:

**UNIVERSITY OF HOUSTON**

26.     U.S. Reg. No. 4,169,550, used in connection with, among other things, clothing and "educational services, namely providing college and graduate level courses of instruction,

continuing education courses and seminars in the fields of … legal …" in International Classes 25 and 41.  This trademark was registered on the Principal Register on July 10, 2012.  A reproduction of the mark is shown below:



27.    U.S. Reg. No. 4,235,596, used in connection with, among other things, "educational services, namely providing college and graduate level courses of instruction, and seminars in the fields of … legal …" in International Class 41.  This trademark was registered on the Principal Register on November 6, 2012.  A reproduction of the mark is shown below.



28.    U.S. Reg. No. 4,235,596, used in connection with, among other things, "educational services, namely providing college and graduate level course of instruction, and seminars in the fields of … legal …" in International Class 41.  This trademark was registered on the Principal Register on November 6, 2012.  A reproduction of the mark is shown below:



29.     U.S. Reg. No. 4,650,772, used in connection with a variety of printed materials and merchandise in International Classes 16, 21, 25 and 28.  This trademark was registered on the Principal Register on December 9, 2014.  A reproduction of the mark is shown below:

## HOUSTON

30.     U.S. Reg. No. 4,546,454, used in connection with, among other things, a variety of printed materials, merchandise and community outreach services in International Classes 16, 25 and 41.   This trademark was registered on the Principal Register on June 10, 2014.   A reproduction of the mark is shown below:



31.     U.S. Reg. No. 3,154,579, used in connection with a variety of printed materials and merchandise in International Classes 16, 25 and 28.  This trademark was registered on the Principal Register on October 10, 2006, and has become incontestable.  A reproduction of the mark is shown below:



32.   U.S. Reg. No. 4,872,304, used in connection with, among other things, a variety of printed materials, merchandise, and educational services in International Classes 16, 28, and 41. This trademark was registered on the Principal Register on December 22, 2015.  A reproduction of the mark is shown below:

**HOUSTON**
**COUGARS**

33.   U.S. Reg. No. 4,872,305, used in connection with, among other things, a variety of printed materials, merchandise, and educational services in International Classes 16 and 41.  This trademark was registered on the Principal Register on December 22, 2015.  A reproduction of the mark is shown below:



34.   U.S. Reg. No. 3,717,201, used in connection with a variety of educational and entertainment services in International Classes 41.   This trademark was registered on the Principal Register on December 1, 2009, and has become incontestable.  A reproduction of the mark is shown below:



35.   U.S. Reg. No. 3,717,202, used in connection with a variety of educational and entertainment services in International Classes 41.   This trademark was registered on the Principal Register on December 1, 2009, and has become incontestable.   A reproduction of the mark is shown below:



36.   U.S. Reg. No. 4,097,436, used in connection with, among other things, a variety of printed materials, merchandise, and providing information to alumni in International Classes 16, 25, 35, 36 and 41.   This trademark was registered on the Principal Register on February 14, 2012.  A reproduction of the mark is shown below:



**B.     UH Law Center's Well-Known Trademarks and Reputation**

37.   The UH College of Law was founded in 1947, with an inaugural class of 28 students and one professor.  UH uses UNIVERSITY OF HOUSTON in conjunction with College of Law.

38.   Today, UH's College of Law is also known as the University of Houston Law Center. Screen shots from the Houston Law Center's webpage are shown below.



39.   UH's College of Law is also known as "Houston Law."  An example of how UH presents "Houston Law" to the relevant market is shown below.  This ad ran in Newsweek magazine August 17, 2011.

# CHOOSE HOUSTON LAW

## THEY TOOK IT TO THE SUPREME COURT AND WON!



The University of Houston is an EEO/AA institution.

Our students shepherded a case through the lower courts and on to the nation's highest, stunning the immigration world with a unanimous decision. Hands-on training is a large part of what we do at the University of Houston Law Center. Our clinic and advocacy programs are nationally known. There is no better place to hone your skills.

But that's just part of what we offer. The Law Center combines the best of all worlds:

- Excellence in education with multiple "Top Ten" specialty programs
- Reasonable tuition and fees
- A campus recognized as one of the most diverse in the United States

We are a Tier One law school in a Tier One university. And, our home is Houston: the nation's fourth largest city with a robust legal employment market and an affordable cost of living to make the most of your budget.

There's a lot to like about our school. Find out more, at **www.law.uh.edu**.

## UNIVERSITY of HOUSTON | LAW CENTER

40.   UH also has promoted its HOUSTON LAW brand through clothing and merchandise, an example of which is shown below.



41.   Not surprisingly, the student legal journal is named *Houston Law Review*, and continues the red and white color scheme of UH and UH Law Center.



42.   For 2016, UH's Law Center is ranked 50th of U.S. law schools by U.S. News & World Report based on a multi-factor analysis including bar passage, job placement, and LSAT score. The UH Law Center is ranked 29th by the National Law Journal among "Go To" law schools based on the percent of graduates hired by the top 250 law firms in the U.S. (2016).

43.   The UH Law Center is ranked among the Top 50 law schools in the nation (#39) in 2011 for best standard of living according to an exclusive study conducted by National Jurist magazine.

44.   The UH Law Center was ranked 34th in 2010 by Super Lawyers® organization based on the number of alumni of the school who have been voted as "Super Lawyers" in their fields by their peers.

45.   The *Houston Law Review* was ranked in the top 3.2% (51st) of more than 1,600 law journals by Washington & Lee University based on the number of citations to articles in the Review.  (2014).

46.   UH Law Center's *Houston Journal of International Law* ranked in the top 25% of all law journals by Washington & Lee University based on the number of citations to articles in the Journal.  (2013).

47.   UH Law Center's *Institute for Intellectual Property & Information Law* ranked 8th nationally by U.S. News & World Report based on the assessment of peers in intellectual property law.  (2016).

48.   UH Law Center's *Health Law & Policy Institute* is ranked 2nd nationally by U.S. News & World Report based on assessment of peers in health law.  (2016).

49.   The UH Law Center part-time program is ranked 6th nationally by U.S. News & World Report.  (2016).

50.   UH Law Center's *Houston Journal of Health Law & Policy* is ranked in the top 15% of health law journals nationally by Washington & Lee University based on the number of citations to articles in the Journal.  (2010).

51.   The UH Law Center is recognized as a "Best Value" in The National Jurist magazine's annual survey.

52.   The UH Law Center is recognized as a "Most Diverse" law school by preLaw and The National Jurist magazines.

53.   UH has strong common law rights in the names UNIVERSITY OF HOUSTON, UNIVERSITY OF HOUSTON LAW CENTER, HOUSTON LAW and the red and white colors, having used the marks prominently for its education services without interruption.

54.   As a result, UH's branding strategy based around the UNIVERSITY OF HOUSTON, the UNIVERSITY OF HOUSTON LAW CENTER, HOUSTON LAW and the red and white colors, as shown above, points the relevant market directly and immediately to UH, and serves as UH's identity and persona in the eyes of consumers, purchasers, and potential purchasers and has done so since long prior to any commercial activities undertaken by STCL under the newly coined HOUSTON COLLEGE OF LAW.

55.   The UNIVERSITY OF HOUSTON, UNIVERSITY OF HOUSTON LAW CENTER and HOUSTON LAW brands are famous and are widely known by the relevant public as a designation of source of high quality UH education services.   The UH trademarks became famous long before STCL commenced any use of its confusingly similar marks.

56.   Because of UH's substantial use and promotion of the UNIVERSITY OF HOUSTON, UNIVERSITY OF HOUSTON LAW CENTER, HOUSTON LAW, the red and white colors, and UNIVERSITY OF HOUSTON in conjunction with College of Law, UH's trademarks have become well-known, have become distinctive of UH's educational services, and have come to identify and indicate the source of UH's education services to the public.   UH has developed for itself and its education services an excellent reputation among actual and prospective students and others in the field of higher education.

57.   UH has acted with diligence in policing unauthorized uses and misuses by other parties of trademarks similar to or identical to UH's trademarks.

58.   UH has never authorized or licensed STCL to use any of UH's trademarks, including its red and white color scheme.

C.    **STCL Infringing Activities**

59.   In stark contrast to the reputation and renown of UH regarding education services, and particularly legal education services, as of 2016 STCL was not ranked at all in the U.S. News Rankings of Best Law Schools.

60.   In the late 1990s, STCL attempted to affiliate with Texas A&M University to increase its cachet and image.  That affiliation, which did not involve a wholesale name change, was rejected by the Texas Higher Education Coordinating board.  STCL was left to polish its image and raise its profile once again by itself.

61.   According to STCL, four years ago it began investigating a name change as a way to increase recognition.  Apparently, that investigation concluded that changing its name from South Texas College of Law to the confusingly similar Houston College of Law and changing its color scheme to a confusingly similar red and white would increase its profile and recognition among the relevant market.

62.   STCL apparently concluded that riding on the substantial reputational coattails of UH and the University of Houston Law Center was the only way for STCL to stand out among other law schools.

63.   On information and belief, on or about March 22, 2016, STCL registered the URL houstoncollegeoflaw.com.

Domain Name: HOUSTONCOLLEGEOFLAW.COM
Registrar: GODADDY.COM, LLC
Sponsoring Registrar IANA ID: 146
Whois Server: whois.godaddy.com
Referral URL: http://www.godaddy.com
Name Server: NS03.DOMAINCONTROL.COM
Name Server: NS04.DOMAINCONTROL.COM
Status: clientDeleteProhibited https://icann.org/epp#clientDeleteProhibited
Status: clientRenewProhibited https://icann.org/epp#clientRenewProhibited
Status: clientTransferProhibited https://icann.org/epp#clientTransferProhibited
Status: clientUpdateProhibited https://icann.org/epp#clientUpdateProhibited
Updated Date: 22-mar-2016
Creation Date: 22-mar-2016
Expiration Date: 22-mar-2026

-19-

64.   On May 12, 2016, STCL filed a trademark application with the United States Patent and Trademark Office seeking to register the following trademark substantially as shown below.



65.   The trademark application provides a date of first use in commerce of April 6, 2016, for "education services, namely, providing courses of instruction at the graduate law school level and distribution of course materials in connection therewith; Providing courses of instruction at the graduate law school level."   That application has yet to be examined by a Trademark Attorney at the United States Patent and Trademark Office.

66.   On its website, the mark as used by STCL appears in a bright red font, nearly identical to the color mark adopted by UH.

Compare:



with:

# UNIVERSITY of **HOUSTON**

## **LAW CENTER**

67.     STCL is obligated to refrain from knowingly making false statements to the United States Patent and Trademark Office, yet it alleged that STCL began providing legal education services in the State of Texas under the confusingly similar HOUSTON COLLEGE OF LAW trademark at least as early as April 6, 2016.

68.     However, it was not until about June 22, 2016, that STCL formally announced that it had changed its name to HOUSTON COLLEGE OF LAW.  Dean Guter sent letters to STCL alumni citing low name recognition of *South Texas College of Law* as a motivation for the change.

69.     On information and belief, STCL also sent letters about its name change to UH graduates.  Two examples of recent comments received from two UH Law Center graduates are reprinted below.

**16. Thu, Jun 23, 2016 8:31 AM**

I read with interest Dean Baynes letter regarding South Texas changing its name to Houston College of Law.  Today, I received a letter from Donald J. Gunter, President and Dean of Houston College of law, In his bid to "share [the] exciting news" he expressed his confidence that I would "continue to distinguish our graduates by the practical skill, strong work ethic, and dedicated service which they have always exemplified." I appreciate his compliment (and they do have a fine school) but I never attended South Texas. I graduated from The University of Houston School of Law in 1991. So apparently the name change is confusing, even to Dean Guter. Just thought you would like to know. Mitch ████████ '91. 409-782-████. Beaumont, Texas.

-21-

38. Thu, Jun 23, 2016 10:07 AM

Dean Baynes,

I just received a letter in the mail with Houston College of Law letterhead on it this morning. I was immediately confused. Candidly, I have always believed that UH needs to change our school name back to College of Law or School of Law and was excited to see we were. However, I immediately saw the fine print that said "formerly South Texas College of Law." I'm guessing they got tired of being confused with Texas Southern and decided the confusion should be a step up instead. Regardless, there is no question that the proposed name change will create a terrible amount of confusion that will be a negative for the alumni, students and faculty of UH Law. Please keep the fight going. I am very busy but will help in any way that I can.

Thanks and God Bless,

Brian ████ '03 Grad.

70.    The STCL website also has been changed to the new red and white HOUSTON COLLEGE OF LAW brand.



71.     Apparently, diplomas for the current graduating class will be in the name of STCL, but the website exhorts graduates to obtain replacement diplomas in the new name of HOUSTON COLLEGE OF LAW.

**ALUMNI**

**I've already graduated. Can I order a diploma printed with "Houston College of Law"?**   —

Yes. Beginning November 1, 2016, alumni will be able to order a diploma with Houston College of Law. Ordering instructions will be available online, and we will communicate with alumni when this feature is ready. Make sure you are part of the alumni online community so you can receive updates on this option, as well as other alumni news. You can sign up at my.stcl.edu.

**Which name should I list on my resume and firm's website?**   —

To ensure consistency and clarity, we ask that alumni list "Houston College of Law" on these and all other appropriate places.

72.     On information and belief, effective July 1, 2016, STCL officially changed its name with the Secretary of State of Texas to Houston College of Law, Inc.

73.     Thus, STCL advertises and promotes is legal education services in Texas and through the United States under the infringing HOUSTON COLLEGE OF LAW brand.

74.     STCL's use of HOUSTON COLLEGE OF LAW and the red and white color scheme, alone and in combination, is likely to cause, and is in fact causing confusion, mistake or deception within the relevant consuming public as to the source or origin of its education services, is likely to dilute UH's goodwill in its trademarks, and is likely to tarnish or disparage UH's trademarks.

75.     Because of STCL's infringing and otherwise unlawful conduct, there is a likelihood that actual confusion will occur, if such has not already occurred, among students, prospective

-23-

students and/or others regarding the origin of services provided and/or the sponsorship or affiliation with UH.

76.     STCL's acts are causing and unless enjoined will continue to cause damage and irreparable harm to UH, and to its valuable reputation and goodwill with students, prospective students, alumni, employers, potential employers, clients and potential clients.

## COUNT I
## INFRINGEMENT OF FEDERAL TRADEMARK

77.     UH repeats the allegations of the preceding paragraphs as if fully set forth herein.

78.     STCL's use of UH's trademarks, or marks confusingly similar thereto, is likely to cause confusion, mistake, or deception as to origin, sponsorship or approval and therefore constitutes federal trademark infringement in violation of 15 U.S.C. § 1114(1).

79.     Because of STCL's conduct, UH has suffered, will suffer and/or continues to suffer damages including, without limitation, the loss of revenue and reputation but for STCL's acts, in an amount to be proven at trial and the loss of goodwill and exclusivity in UH's trademarks.

80.     As a direct and proximate result of STCL's above-described conduct, STCL has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

81.     Unless enjoined by this Court, STCL's above-described conduct will cause irreparable injury, for which UH has no adequate remedy at law, in the nature of injury to the reputation and goodwill of UH's trademarks as well as confusion and deception among customers.   UH is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

82. STCL's actions were taken in willful, deliberate, and/or intentional disregard of UH's rights.   UH is entitled to recover treble damages, UH's attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND
## FALSE DESIGNATION OF ORIGIN

83.     UH repeats the allegations of the preceding paragraphs as if fully set forth herein.

84.     The acts of STCL complained of herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

85.     STCL's activities are likely to cause confusion, or to cause mistake or to deceive as to affiliation, connection, or association of STCL and their goods and services with UH, or as to the origin, sponsorship or approval of STCL's goods and services by UH, all in violation of 15 U.S.C. § 1125(a).

86.     Because of STCL's conduct, UH has suffered, will suffer and/or continues to suffer damages including, without limitation, the loss of revenue and reputation but for STCL's acts, in an amount to be proven at trial and the loss of goodwill and exclusivity in UH's trademarks.

87.     As a direct and proximate result of STCL's above-described conduct, STCL has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

88.     Unless enjoined by this Court, STCL's above-described conduct will cause irreparable injury, for which UH has no adequate remedy at law, in the nature of injury to the reputation and goodwill of UH's trademarks as well as confusion and deception among customers.   UH is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

89.     STCL's actions were taken in willful, deliberate, and/or intentional disregard of UH's rights.   UH is entitled to recover treble damages, UH's attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## COUNT III
## FEDERAL FALSE ADVERTISING

90.     UH repeats the allegations of the preceding paragraphs as if fully set forth herein.

91.     The acts of STCL complained of herein constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1) (B).

92.     As stated above, STCL has made and continues to make false, misleading and inaccurate statements regarding UH, its connection with UH, and has failed to correct those known incorrect opinions formed from STCL's advertising and commercial speech.

93.     UH and STCL are competitors in legal education services, and UH believes it is, or is likely to be, damaged by such false, misleading and inaccurate statements and omissions.  UH has a reasonable basis for believing its interests are likely to be damaged because there is both a likely injury in the form of lost revenue, lost market share and damaged goodwill.  STCL's false, misleading and inaccurate statements and omissions have caused those injuries.

94.     Because of STCL's conduct, UH has suffered, will suffer and/or continues to suffer damages including, without limitation, the loss of revenue and reputation but for STCL's acts, in an amount to be proven at trial and the loss of goodwill and exclusivity in UH's Trademarks.

95.     As a direct and proximate result of STCL's above-described conduct, STCL has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

96.     Unless enjoined by this Court, STCL's above-described conduct will cause irreparable injury, for which UH has no adequate remedy at law, in the nature of injury to the reputation and goodwill of UH's trademarks as well as confusion and deception among customers.  UH is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

97.     STCL's actions were taken in willful, deliberate, and/or intentional disregard of UH's rights.  UH is entitled to recover treble damages, UH's attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## COUNT IV
## FEDERAL DILUTION BY BLURRING OR TARNISHMENT

98.     UH repeats the allegations of the preceding paragraphs as if fully set forth herein.

99.     By the actions set forth above, STCL has commenced use of a mark or trade name in commerce that is likely to cause dilution by blurring and/or tarnishment of UH's famous marks, and UH is entitled to injunctive relief to prevent the same under 17 U.S.C. § 1125(c)(1).

100.    UH's trademarks are distinctive and famous marks.  UH's trademarks have long been used on and in connection with UH's legal education services, have long been the subject of substantial advertising and promotion, and are widely recognized by the public.

101.    STCL's acts as alleged above were commenced and committed from a time well after UH's trademarks became famous.

102.    STCL's acts have lessened the capacity of UH's trademarks to identify and distinguish the legal education services of UH.  STCL's acts have blurred and/or tarnished the unique association that has heretofore existed between UH's trademarks and the legal education services offered by UH.  Accordingly, STCL's acts are in violation of 15 U.S.C. § 1125(c)(1) in that they have caused a dilution of the distinctive quality of UH's trademarks all to the irreparable injury and damage of UH.

## COUNT V
## STATE UNFAIR COMPETITION
## TEXAS BUS. & COMM. CODE, § 16.29

104.   UH repeats the allegations of the preceding paragraphs as if fully set forth herein.

105.   The actions of STCL complained of above constitute unfair competition in violation of the law of the State of Texas.

106.   STCL's use of a confusingly similar name and trademark, HOUSTON COLLEGE OF LAW, alone and in combination with the colors red and white, is calculated to deceive the relevant consuming public into accepting and purchasing STCL's services in the mistaken belief that they are UH's services, or that they are sponsored by, connected with, or supplied under the supervision of UH.

107.   STCL's adoption and use of the accused mark on its goods and services constitutes unfair competition.  By such use, STCL has represented that their goods and services are actually those supplied by UH.  This use creates a likelihood that the public will be confused or deceived.

108.   STCL's actions constitute dilution, unfair competition, palming off, passing off, unjust enrichment and misappropriation of UH's rights under Tex. Bus. & Comm. Code, § 16.29 and the common law of the State of Texas.  Such actions permit, and will continue to permit, STCL to use and benefit from the goodwill and reputation earned by UH to readily obtain customer acceptance of the goods and services offered for sale, and to give STCL's goods and services a salability they would not otherwise have, all at UH's expense.

109.   As a result of STCL's acts, UH has already suffered damage and will continue to suffer damage, while STCL profits at UH's expense.  STCL's activities entitle UH to STCL's profits and to damages for such acts of unfair competition.

110.   Unless STCL is enjoined, UH has no adequate remedy at law and will be irreparably harmed.

111.   STCL's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of UH's rights and with intent to cause confusion, dilution, and to trade off UH's vast good will in its trademarks, making this an exceptional case and entitling UH to enhanced damages and attorney's fees.

**COUNT VI**
**INFRINGEMENT OF COMMON LAW TRADEMARK**

112.   UH repeats the allegations of the preceding paragraphs as if fully set forth herein.

113.   STCL's acts described above constitute common law trademark infringement.

114.   Because of STCL's above-described conduct, UH has suffered and continues to suffer damages including, without limitation, unjust enrichment damages, in an amount to be proven at trial based on STCL's gross sales less only elements of cost or deduction allowed by this Court.

115.   Unless enjoined by this Court, STCL's above-described conduct will cause irreparable injury, for which UH has no adequate remedy at law, in the nature of injury to the reputation and goodwill of UH as well as confusion and deception among customers.

116.   STCL's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of UH's rights and with intent to cause confusion, dilution, and to trade off of the vast good will in UH's trademarks, making this an exceptional case and entitling UH to enhanced damages and attorney's fees at least as provided under Texas Civil Practices & Remedies Code § 41.003.

## COUNT VII
## COMMON LAW UNFAIR COMPETITION

118.   UH repeats the allegations of the preceding paragraphs as if fully set forth herein.

119.   STCL's activities complained of constitute common law unfair competition under Texas common law in that they are likely to cause consumers to believe that STCL's products originate from the same source as, or are sponsored or approved by UH, or that there is an association, affiliation or connection between STCL and UH.

120.   Upon information and belief, STCL's actions are with the knowledge of UH's trademarks and with the intent to cause confusion and/or trade on UH's reputation and goodwill.

121.   UH has and will continue to be irreparably harmed and damaged by STCL's conduct and UH lacks an adequate remedy at law to compensate for this harm and damage.


## PRAYER FOR RELIEF

WHEREFORE, UH prays that:

1.     STCL and all agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be preliminarily enjoined from and ordered to:

(a)     Cease using UH's trademarks, and any other mark that is confusingly similar to any of UH's trademarks, including, but not limited to the HOUSTON COLLEGE OF LAW name and the colors (red and white); cease using UH's trademarks, or any other mark that is likely to cause confusion, in any manner that violates the rights of UH; and modify all of STCL's signage, advertising, social media usage, product packaging, and promotional material to eliminate infringement of UH's trademarks or any confusingly similar mark;

(b)      Cease making any unfair, untrue, or misleading statements about either STCL's legal education services, or the education services of UH, and remove any and all unfair, untrue, or misleading statements about STCL's own or services, any connection between the parties, or the products and services of UH;

(c)      Compelling destruction of all infringing works, business materials, brochures, web pages, advertising, signage, temporary signage or logos, invoices, business cards, or business materials, sales decks, and the like within the care, custody or control of STCL that violate the rights of UH.

2.      STCL and all agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be permanently enjoined from and ordered to:

(a)      Cease using UH's trademarks, and any other mark that is confusingly similar to any of UH's trademarks, including, but not limited to the HOUSTON COLLEGE OF LAW name and the colors (red and white); cease using UH's trademarks, or any other mark that is likely to cause confusion, in any manner that violates the rights of UH; and modify all of STCL's signage, advertising, social media usage, product packaging, and promotional material to eliminate infringement of UH's trademarks or any confusingly similar mark;

(b)      Cease making any unfair, untrue, or misleading statements about either STCL's legal education services, or the education services of UH, and remove any and all unfair, untrue, or misleading statements about STCL's own or services, any connection between the parties, or the products and services of UH;

(c)      Compelling destruction of all infringing works, business materials, brochures, web pages, advertising, signage, temporary signage or logos, invoices,

business cards, or business materials, sales decks, and the like within the care, custody or control of STCL that violate the rights of UH.

3.      STCL and all agents, servants, employees, attorneys, and all those persons in active concert or participation be ordered to expressly abandon STCL's U.S. Trademark Application Serial No. 87/035,349 for the purported mark HOUSTON COLLEGE OF LAW (design).

4.      UH be awarded all damages it sustains as a result of STCL's infringement and unfair competition, and that said damages be trebled;

5.      An accounting be directed to determine STCL's profits resulting from STCL's activities complained of herein, and that such profits be paid over to UH, increased as the Court finds to be just under the circumstances of this case;

6.      UH be awarded statutory damages, costs and fees as provided for in 15 U.S.C. § 1117(d), and applicable Texas Statutes.

7.      UH recover its costs of this action and prejudgment and post-judgment interest, and attorney fees as provided by Federal Rules of Civil Procedure;

8.      UH be awarded its attorney's fees and the costs of this action under trademark law, Texas law or Texas common law; and

9.      UH recover such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

UH hereby demands a trial by jury on all issues triable as of right by a jury.

*Of Counsel*:

**SUTTON MCAUGHAN DEAVER PLLC**

Elizabeth W. King
Texas Bar No. 00788710
S.D. Tex. No. 433,387
eking@smd-iplaw.com
Robert J. McAughan, Jr.
Texas Bar No. 00786096
S.D. Tex. No. 16,501
bmcaughan@smd-iplaw.com
Albert B. Deaver, Jr.
Texas Bar No. 05703800
S.D. Tex. No. 11,300
adeaver@smd-iplaw.com
Jeffrey A. Andrews
Texas Bar No. 24050227
S.D. Tex. No. 608,251
jandrews@smd-iplaw.com
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 800-5700
Facsimile: (713) 800-5699

**THE BUZBEE LAW FIRM**

s/*Anthony G. Buzbee by permission ABD*
Anthony G. Buzbee
Lead Attorney
Texas Bar No. 24001820
S.D. Tex. No. 22,679
tbuzbee@txattorneys.com
JP Morgan Chase Tower
600 Travis
Suite 7300
Houston, TX 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys For Plaintiffs The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions; The University of Houston System; and The Board of Regents of the University of Houston System*

-34-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document and exhibits, if any, have been served via the Court's ECF system on those counsel of record who have registered as filing users of the ECF system for this case pursuant to LR 5.1, and by mail on those counsel of record who are not registered as filing users with ECF, as of this 10th day of August 2016.

*s/Albert B. Deaver, Jr.*