UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF HOUSTON SYSTEM ON BEHALF OF THE UNIVERSITY OF HOUSTON SYSTEM AND ITS MEMBER INSTITUTIONS; THE UNIVERSITY OF HOUSTON SYSTEM; and THE BOARD OF REGENTS OF THE UNIVERSITY OF HOUSTON SYSTEM, | § § § § § § § § § | |
| | § | CIVIL ACTION NO. 4:16-CV-01839 |
| Plaintiffs/Counter-Defendants, | § § | |
| v. | § § | |
| HOUSTON COLLEGE OF LAW, INC., formerly known as SOUTH TEXAS COLLEGE OF LAW, | § § § § § | |
| Defendant/Counter-Plaintiff. | § | JUDGE KEITH P. ELLISON |

**DEFENDANT/COUNTER-PLAINTIFF HOUSTON COLLEGE OF LAW'S
FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Defendant/Counter-Plaintiff Houston College of Law, Inc., formerly known as South Texas College of Law ("Defendant/Counter-Plaintiff" or "the College"), files this original answer and original counterclaim, in response to the original complaint filed by the Board of Regents of the University of Houston System on behalf of the University of Houston System and its member institutions; the University of Houston System; and the Board of Regents of the University of Houston System (collectively, "U of H" or "Plaintiffs/Counter-Defendants").

## <u>INTRODUCTION</u>

The Houston College of Law has now adopted a name that is true to its location and its mission. Just as Houston has matured into a diverse, sophisticated, and dynamic city, the College provides a 21st-century legal education that offers these same characteristics. As the oldest law school in Houston, the College has grown in tandem with its home. When the College was founded 93 years ago, the "South Texas" region was generally understood to encompass Houston. Now it does not. Today, the name "Houston College of Law," rather than "South Texas College of Law," accurately describes the College's identity and its home.

In its complaint, U of H portrays the College as "attempting to associate itself with the standing and reputation" of U of H. To the contrary, the College does not seek any association with U of H or its law school. Each law school has much to be proud of in its own right.

U of H uses pejorative language in its complaint that does nothing to support its claims. This language disserves the strong record of achievement by the College's faculty and students. For example, the College has been recognized by national publications as one of the top law schools for teaching oral and written advocacy skills to aspiring lawyers, and the College has been recognized as providing one of the best values in legal education and for being a school that serves a truly diverse student body.

When U of H turns to its actual legal argument, it contends that the current name of its law school, the "University of Houston Law Center," is confusingly similar to "Houston College of Law." These two names are not subject to confusion under applicable trademark law, especially by students making life decisions about which law school to attend. In the absence of any actionable likelihood of confusion, there can be no trademark infringement.

U of H also urges the Court to disapprove the College's name on the ground that U of H's law school was once known as the "University of Houston College of Law." But that was nearly half a century ago. In 1967, U of H renamed its law school as the "University of Houston Bates College of Law." In 1982, U of H renamed the school once again, calling it the "University of Houston Law Center." U of H does not have any legitimate rights to assert against the College arising from the long-abandoned former name of its law school. U of H has no right to prevent the College—or any other law school—from calling itself a "college of law." In addition, U of H has no right to prevent the College—or any other governmental, business, cultural, sports, or educational institution in the city—from using the word "Houston" in its name.

U of H also complains that the College changed its colors to match the red-and-white color scheme that is used by U of H, as well as countless other schools. First, the colors do not match. U of H uses fire-engine red, while the College uses crimson. Moreover, the College has been using a shade of red as a primary branding color for four decades. As an example:



It is against this background that the College files this answer to vigorously defend its right to claim Houston as not only its heritage, its cultural touchstone, and its home, but also as part of its name.

## ANSWER

In response to the lawsuit initiated by U of H, the College would show as follows:

1.    With respect to the allegations in Paragraph 1 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that it has announced a name change to "Houston College of Law." Defendant/Counter-Plaintiff denies the remaining allegations in Paragraph 1.

2.    Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Amended Complaint.

3.    With respect to the allegations in Paragraph 3 of the First Amended Complaint, Defendant/Counter-Plaintiff denies the allegation that its name is South Texas College of Law rather than its current name, Houston College of Law. Defendant/Counter-Plaintiff admits the remaining allegations in Paragraph 3.

4.    With respect to the allegations in Paragraph 4 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that the First Amended Complaint purports to state causes of action against the College for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, state and common law trademark infringement and unfair competition under TEX. BUS. & COMM. CODE § 16.29, and the common law of the State of Texas, but Defendant/Counter-Plaintiff denies that U of H has stated any meritorious claims or claims upon which relief can be granted.

5.    With respect to the allegations in Paragraph 5 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that this Court has subject matter jurisdiction over this action.

6.    With respect to the allegations in Paragraph 6 of the First Amended Complaint, Defendant/Counter-Plaintiff denies the allegation that its name is South Texas College of Law

rather than its current name, Houston College of Law. Defendant/Counter-Plaintiff admits the remaining allegations in Paragraph 6, including that that this Court has personal jurisdiction over it.

7. With respect to the allegations in Paragraph 7 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that venue is proper in this District.

8. With respect to the allegations in Paragraph 8 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that it publicly announced a name change to Houston College of Law on Wednesday, June 22, 2016. Defendant/Counter-Plaintiff denies any remaining allegations in Paragraph 8.

9. With respect to the allegations in Paragraph 9 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that it has changed its website to reflect its new name. Defendant/Counter-Plaintiff denies the remaining allegations in Paragraph 9.

10. Paragraph 10 of the First Amended Complaint consists of statements and conclusions of law to which no response is required. To the extent any response may be required, Defendant/Counter-Plaintiff denies the allegations in Paragraph 10.

11. Paragraph 11 of the First Amended Complaint consists of statements and conclusions of law to which no response is required. To the extent any response may be required, Defendant/Counter-Plaintiff denies the allegations in Paragraph 11.

12. Paragraph 12 of the First Amended Complaint consists of statements and conclusions of law to which no response is required. To the extent any response may be required, Defendant/Counter-Plaintiff admits that the name recognition for the name South Texas College of Law was minimal. Defendant/Counter-Plaintiff denies any remaining allegations in Paragraph 12.

13.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the First Amended Complaint.

14.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the First Amended Complaint.

15.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Complaint.

16.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint.

17.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the First Amended Complaint.

18.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the First Amended Complaint.

19.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the First Amended Complaint.

20.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the First Amended Complaint.

21.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the First Amended Complaint.

22.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the First Amended Complaint.

23.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the First Amended Complaint.

24.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the First Amended Complaint.

25.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the First Amended Complaint.

26.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the First Amended Complaint.

27.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the First Amended Complaint.

28.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the First Amended Complaint.

29.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the First Amended Complaint.

30.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the First Amended Complaint.

31.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the First Amended Complaint.

32.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the First Amended Complaint.

33.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the First Amended Complaint.

34.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the First Amended Complaint.

35.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the First Amended Complaint.

36.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the First Amended Complaint.

37.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 37 of the First Amended Complaint.  Defendant/Counter-Plaintiff denies the remaining allegations in Paragraph 37.

38.     Defendant/Counter-Plaintiff denies any allegation in Paragraph 38 of the First Amended Complaint that U of H has a law school known as "UH's College of Law." Defendant/Counter-Plaintiff admits that the law school associated with the University of Houston is known as the "University of Houston Law Center."   Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 38.

39.     Defendant/Counter-Plaintiff denies any allegation in Paragraph 39 of the First Amended Complaint that U of H has a law school known as "UH's College of Law." Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39.

40.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     With respect to the allegations contained in Paragraph 41 of the First Amended Complaint, Defendant/Counter-Plaintiff admits the existence of a publication named *Houston Law Review*.  Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the First Amended Complaint.

43.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the First Amended Complaint.

44.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the First Amended Complaint.

45.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the First Amended Complaint.

46.     Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the First Amended Complaint.

47. Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the First Amended Complaint.

48. Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the First Amended Complaint.

49. Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the First Amended Complaint.

50. Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the First Amended Complaint.

51. Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the First Amended Complaint.

52. Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the First Amended Complaint.

53. Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 53 of the First Amended Complaint.

54. Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 54 of the First Amended Complaint.

55.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 55 of the First Amended Complaint.

56.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 56 of the First Amended Complaint.

57.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 57 of the First Amended Complaint.

58.     With respect to the allegations contained in Paragraph 58 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that Plaintiffs/Counter-Defendants have never authorized or licensed Defendant/Counter-Plaintiff to use any trademarks of Plaintiffs/Counter-Defendants.   Defendant/Counter-Plaintiff denies the remaining allegations contained in Paragraph 58.

59.     With respect to the allegations contained in Paragraph 59 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that it was not ranked in the U.S. News Rankings of Best Law Schools in 2016.  Defendant/Counter-Plaintiff has been ranked in prior years, and denies the remaining allegations contained in Paragraph 59.

60.     With respect to the allegations contained in Paragraph 60 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that it executed an Agreement for Exclusive Affiliation with Texas A&M University in 1998 that subsequently was held invalid by the Texas Higher Education Coordinating Board and the courts of the State of Texas.  Had that agreement been implemented, the name of the law school would have been "South Texas College of Law of Texas A&M University."   Defendant/Counter-Plaintiff denies the remaining allegations contained in Paragraph 60.

61.     With respect to the allegations contained in Paragraph 61 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that it investigated a name change. Defendant/Counter-Plaintiff denies the remaining allegations contained in Paragraph 61.

62.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 62 of the First Amended Complaint.

63.     Defendant/Counter-Plaintiff admits the allegations contained in Paragraph 63 of the First Amended Complaint.

64.     Defendant/Counter-Plaintiff admits the allegations contained in Paragraph 64 of the First Amended Complaint.

65.     With respect to the allegations contained in Paragraph 65 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that the trademark application provides a date of first use in commerce of April 6, 2016, for "[e]ducational services, namely, providing courses of instruction at the graduate law school level and distribution of course material in connection therewith; Providing courses of instruction at the graduate law school level." Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65.

66.     With respect to the allegations contained in Paragraph 66 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that its new mark in connection with its name Houston College of Law appears on its website.   Defendant/Counter-Plaintiff denies the remaining allegations contained in Paragraph 66.

67.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 67 of the First Amended Complaint.

68.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 68 of the First Amended Complaint.

69.     With respect to the allegations contained in Paragraph 69 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that it sent letters about its name change to the Texas legal community, which includes graduates of the University of Houston Law Center.  To the extent that Paragraph 69 represents an effort by Plaintiffs to adopt allegations made by others on social media, Defendant/Counter-Plaintiff denies any allegations made in such social media posts.  Defendant/Counter-Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained in paragraph 69.

70.     With respect to the allegations contained in Paragraph 70 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that its website now uses the name Houston College of Law.  Defendant/Counter-Plaintiff denies the remaining allegations contained in Paragraph 70.

71.     With respect to the allegations contained in Paragraph 71 of the First Amended Complaint, Defendant/Counter-Plaintiff admits that its May 2016 graduates received diplomas under the name of South Texas College of Law, and that its website provides an explanation to graduates on the method of acquiring a replacement diploma.  Defendant/Counter-Plaintiff denies the remaining allegations contained in Paragraph 71.

72.     Defendant/Counter-Plaintiff admits the allegations contained in Paragraph 72 of the First Amended Complaint.

73.     With respect to the allegations contained in Paragraph 73 of the First Amended Complaint, Defendant/Counter-Plaintiff admits it uses the name "Houston College of Law" to

advertise and promote its legal education services in Texas and the United States. Defendant/Counter-Plaintiff denies the remaining allegations contained in Paragraph 73.

74.    Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 74 of the First Amended Complaint.

75.    Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 75 of the First Amended Complaint.

76.    Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 76 of the First Amended Complaint.

77.    To the extent any response is necessary to Paragraph 77 of the First Amended Complaint, Defendant/Counter-Plaintiff repeats and incorporates by reference the responses contained in each of the foregoing paragraphs.

78.    Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 78 of the First Amended Complaint.

79.    Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 79 of the First Amended Complaint.

80.    Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 80 of the First Amended Complaint.

81.    Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 81 of the First Amended Complaint.

82.    Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 82 of the First Amended Complaint.

83.     To the extent any response is necessary to Paragraph 83 of the First Amended Complaint, Defendant/Counter-Plaintiff repeats and incorporates by reference the responses contained in each of the foregoing paragraphs.

84.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 84 of the First Amended Complaint.

85.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 85 of the First Amended Complaint.

86.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 86 of the First Amended Complaint.

87.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 87 of the First Amended Complaint.

88.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 88 of the First Amended Complaint.

89.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 89 of the First Amended Complaint.

90.     To the extent any response is necessary to Paragraph 90 of the First Amended Complaint, Defendant/Counter-Plaintiff repeats and incorporates by reference the responses contained in each of the foregoing paragraphs.

91.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 91 of the First Amended Complaint.

92.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 92 of the First Amended Complaint.

93.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 93 of the First Amended Complaint.

94.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 94 of the First Amended Complaint.

95.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 95 of the First Amended Complaint.

96.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 96 of the First Amended Complaint.

97.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 97 of the First Amended Complaint.

98.     To the extent any response is necessary to Paragraph 98 of the First Amended Complaint, Defendant/Counter-Plaintiff repeats and incorporates by reference the responses contained in each of the foregoing paragraphs.

99.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 99 of the First Amended Complaint.

100.    Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 100 of the First Amended Complaint.

101.    Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 101 of the First Amended Complaint.

102.    Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 102 of the First Amended Complaint.

103.    There is no Paragraph 103 set out in the First Amended Complaint.

104.     To the extent any response is necessary to Paragraph 104 of the First Amended Complaint, Defendant/Counter-Plaintiff repeats and incorporates by reference the responses contained in each of the foregoing paragraphs.

105.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 105 of the First Amended Complaint.

106.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 106 of the First Amended Complaint.

107.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 107 of the First Amended Complaint.

108.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 108 of the First Amended Complaint.

109.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 109 of the First Amended Complaint.

110.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 110 of the First Amended Complaint.

111.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 111 of the First Amended Complaint.

112.     To the extent any response is necessary to Paragraph 112 of the First Amended Complaint, Defendant/Counter-Plaintiff repeats and incorporates by reference the responses contained in each of the foregoing paragraphs.

113.     Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 113 of the First Amended Complaint.

114. Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 114 of the First Amended Complaint.

115. Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 115 of the First Amended Complaint.

116. Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 116 of the First Amended Complaint.

117. There is no Paragraph 117 set out in the First Amended Complaint.

118. To the extent any response is necessary to Paragraph 118 of the First Amended Complaint, Defendant/Counter-Plaintiff repeats and incorporates by reference the responses contained in each of the foregoing paragraphs.

119. Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 119 of the First Amended Complaint.

120. Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 120 of the First Amended Complaint.

121. Defendant/Counter-Plaintiff denies the allegations contained in Paragraph 121 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

122. Plaintiffs/Counter-Defendants' alleged common law marks, including the colors "red and white," as well as Plaintiffs/Counter-Defendants' alleged federally registered mark U.S. Registration No. 4,650,772 for the mark HOUSTON, are invalid because they are comprised of generic and/or descriptive terms, lack inherent distinctiveness, and have not acquired any secondary meaning.

123. In addition, Plaintiffs/Counter-Defendants' alleged common law rights in the mark UNIVERSITY OF HOUSTON COLLEGE OF LAW have become abandoned and thus unenforceable due to Plaintiffs/Counter-Defendants' discontinuance of such mark several decades ago in favor of the name UNIVERSITY OF HOUSTON BATES COLLEGE OF LAW, and more recently UNIVERSITY OF HOUSTON LAW CENTER.

124. In addition, Defendant/Counter-Plaintiff's actions are protected by the First Amendment of the United States Constitution and constitute fair use.

125. In addition, Defendant/Counter-Plaintiff's use of the phrase HOUSTON COLLEGE OF LAW is fair use pursuant to 15 U.S.C. § 1115(b)(4).

126. Defendant/Counter-Plaintiff reserves the right to amend this answer and to assert additional defenses, as well as to supplement, alter, or change its answer and defenses upon the discovery of additional facts.

## FIRST AMENDED COUNTERCLAIMS

127. Defendant/Counter-Plaintiff counterclaims for cancellation of U.S. Trademark Registration No. 4,650,772; for a declaration of invalidity as to alleged common law marks; for a declaration of abandonment of alleged trademark rights in the name "University of Houston College of Law," and for a declaration of non-infringement as to the asserted marks.

### Jurisdiction and Venue

128. These counterclaims arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.* Jurisdiction over the subject matter of the counterclaims is conferred by 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

129. Venue over these counterclaims is proper in this judicial district under 28 U.S.C. § 1391(b), (c).

**Parties**

130.     Plaintiffs/Counter-Defendants have appeared in the case.  Their address is 128 Ezekiel Cullen Building, 4302 University Drive, Houston, Texas 77204-6001.

131.     Defendant/Counter-Plaintiff is a domestic nonprofit corporation with an address of 1303 San Jacinto Street, Houston, Texas 77002.

**Factual Allegations**

132.     Plaintiffs/Counter-Defendants purport to own the mark assigned U.S. Registration No. 4,650,772.  This trademark was registered on the Principal Register on December 9, 2014, and is therefore contestable.

133.     Plaintiffs/Counter-Defendants purport to hold common law rights to the marks UNIVERSITY OF HOUSTON COLLEGE OF LAW, UNIVERSITY OF HOUSTON LAW CENTER, HOUSTON LAW, and "the red and white colors."  None of these marks are federally registered, and they are comprised of generic and/or descriptive terms, lack inherent distinctiveness, and have not acquired any secondary meaning.

134.     Plaintiffs/Counter-Defendants, or their predecessors-in-interest, renamed its college of law from UNIVERSITY OF HOUSTON COLLEGE OF LAW to UNIVERSITY OF HOUSTON BATES COLLEGE OF LAW nearly 50 years ago, and more recently to UNIVERSITY OF HOUSTON LAW CENTER.

135.     Defendant/Counter-Plaintiff has a pending application before the United States Patent and Trademark Office for federal registration of its HOUSTON COLLEGE OF LAW mark.

136.     Defendant/Counter-Plaintiff's HOUSTON COLLEGE OF LAW mark and similar marks pose no likelihood of confusion with any of Plaintiffs/Counter-Defendants' alleged marks,

and do not directly or indirectly infringe upon any of Plaintiffs/Counter-Defendants' alleged marks.

## COUNT I — CANCELLATION OF U.S. REGISTRATION NO. 4,650,772

137. Defendant/Counter-Plaintiff repeats the allegations of the preceding paragraphs as if fully set forth herein.

138. Plaintiffs/Counter-Defendants' mark that is the subject of U.S. Trademark Registration No. 4,650,772, the word HOUSTON, is geographically descriptive and lacks secondary meaning. Accordingly, it does not qualify for registration on the Principal Register.

139. Defendant/Counter-Plaintiff will be harmed by the continued registration of Plaintiffs/Counter-Defendants' mark because continued registration will allow Plaintiffs/Counter-Defendants to continue to interfere with Defendant/Counter-Plaintiff's rights under the guise of federal trademark law.

140. This Court has the power to order the cancellation of the registration pursuant to 15 U.S.C. § 1119.

## COUNT II — DECLARATORY JUDGMENT

141. Defendant/Counter-Plaintiff repeats the allegations of the preceding paragraphs as if fully set forth herein.

142. By filing a lawsuit against Defendant/Counter-Plaintiff alleging trademark infringement based on Defendant/Counter-Plaintiff's use of its HOUSTON COLLEGE OF LAW marks, Plaintiffs/Counter-Defendants have created an actual, present, and justiciable case and controversy over Plaintiffs/Counter-Defendants' rights to enforce its marks and Defendant/Counter-Plaintiff's right to use its marks.

143.     Defendant/Counter-Plaintiff seeks a declaratory judgment from this Court that Plaintiffs/Counter-Defendants' alleged common law marks—UNIVERSITY OF HOUSTON COLLEGE OF LAW, HOUSTON LAW, and "the red and white colors"—are invalid and not protectable as marks because they are generic and/or descriptive and lack secondary meaning.

144.     Defendant/Counter-Plaintiff also seeks a declaration that any rights Plaintiffs/Counter-Defendants' might have ever owned in the mark UNIVERSITY OF HOUSTON COLLEGE OF LAW have become abandoned and thus unenforceable due to Plaintiffs/Counter-Defendants' discontinuance of such mark several decades ago in favor of the name UNIVERSITY OF HOUSTON BATES COLLEGE OF LAW, and more recently UNIVERSITY OF HOUSTON LAW CENTER.

145.     Defendant/Counter-Plaintiff also seeks a declaration that it does not and has not directly or indirectly infringed any of Plaintiffs/Counter-Defendants' alleged trademarks.

## DEMAND FOR JURY TRIAL

146.     With respect to its claims, Defendant/Counter-Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

147.     Based on the foregoing, Defendant/Counter-Plaintiff respectfully requests that following such hearing and trial as may be required, the Court enter a final judgment as follows:

(a) That Plaintiffs/Counter-Defendants take nothing by their claims;

(b) That Plaintiffs/Counter-Defendants' claims are dismissed with prejudice;

(c) Ordering the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 4,650,772;

(d) Declaring Plaintiffs/Counter-Defendants' alleged common law marks UNIVERSITY OF HOUSTON COLLEGE OF LAW, HOUSTON LAW, and "the red and white colors" invalid and unenforceable;

(e) Declaring Plaintiffs/Counter-Defendants' alleged common law trademark rights in the mark UNIVERSITY OF HOUSTON COLLEGE OF LAW abandoned and unenforceable;

(f) Declaring that Defendant/Counter-Plaintiff's HOUSTON COLLEGE OF LAW marks do not infringe upon any valid and enforceable marks alleged by Plaintiffs/Counter-Defendants;

(g) That this is an exceptional case justifying the award to Defendant/Counter-Plaintiff of its reasonable attorneys' fees under 15 U.S.C. § 1117(a);

(h) Awarding Defendant/Counter-Plaintiff its costs in this action; and

(i) Entering such other further relief to which Defendant/Counter-Plaintiff may show itself to be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Respectfully submitted,

_/s/ David J. Beck_____
David J. Beck
State Bar No. 00000070
S.D. Tex. No. 16605
dbeck@beckredden.com
BECK REDDEN LLP
1221 McKinney, Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

**ATTORNEY-IN-CHARGE FOR
HOUSTON COLLEGE OF LAW, INC.**

**OF COUNSEL:**

Lynne Liberato
State Bar No. 00000075
S.D. Tex. No. 3072
lynne.liberato@haynesboone.com
HAYNES AND BOONE LLP
1221 McKinney Street, Suite 2100
Houston , Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600

Jeffrey M. Becker
State Bar No. 02015730
*Admitted pro hac vice*
jeff.becker@haynesboone.com
HAYNES AND BOONE LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

Kenneth G. Parker
California Bar No. 182911
*Admitted pro hac vice*
kenneth.parker@haynesboone.com
HAYNES AND BOONE LLP
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626

Eric J.R. Nichols
State Bar No. 14994500
S.D. Tex. No. 13066
enichols@beckredden.com
Karson K. Thompson
State Bar No. 24083966
S.D. Tex. No. 2878342
kthompson@beckredden.com
BECK REDDEN LLP
515 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone: (512) 708-1000
Facsimile: (512) 708-1002

Parth S. Gejji
State Bar No. 24087575
S.D. Tex. No. 2917332
pgejji@beckredden.com
BECK REDDEN LLP
1221 McKinney, Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2016 the foregoing document and exhibits, if any, were served via the Court's CM/ECF system on plaintiffs' counsel of record, who have registered as filing users of the CM/ECF system, for this case pursuant to Local Rule 5.1, and that the same was also sent via facsimile or email.

*Attorney-in-Charge*

Anthony G. Buzbee
tbuzbee@txattorneys.com
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis
Suite 7300
Houston, TX 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Of Counsel*

Elizabeth W. King
eking@smd-iplaw.com
Robert J. McAughan, Jr.
bmcaughan@smd-iplaw.com
Albert B. Deaver, Jr.
adeaver@smd-iplaw.com
Jeffrey A. Andrews
jandrews@smd-iplaw.com
SUTTON MCAUGHAN DEAVER PLLC
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 800-5700
Facsimile: (713) 800-5699

*/s/ Karson K. Thompson*
Karson K. Thompson