**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions; The University of Houston System; and The Board of Regents of the University of Houston System, | Civil Action No. 4:16-cv-01839 |
| *Plaintiffs*, | JURY |
| v. | |
| South Texas College of Law, | |
| *Defendant*. | |

**PLAINTIFFS' POST HEARING SUPPLEMENT
IN SUPPORT OF THEIR
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

Based on the positions taken by defendant STCL at the hearing of this matter on Friday, August 26, 2016, and STCL's sur-reply being due on Tuesday, September 6, 2016, Plaintiffs UH submit this post hearing supplement.

**I.    The Court May Consider the "Relevant Public" to be Broader Than Just "Prospective Law Students" at the Point of Sale.**

At the hearing, the Court inquired whether the relevant public for purposes of determining likelihood of confusion is limited to "prospective law students," and requested case law that informs that issue.  UH directs the Court's attention to *California Western School of Law v. California Western University*, 125 Cal. App.3d 1002 (1981) (Exhibit FFF), in which the California court of appeals affirmed the trial court's identification of the "relevant public" (under California unfair competition law) stating

The trial court broadly defined the relevant public as Law School's "students,

1

> prospective students, prospective faculty members, employers, clients, the academic community, college pre-law advisors, the bench and bar, and *general public*." (Italics added.) Certainly, the national advertising campaign went to a broad segment of the public. The relevant public interest was a factor considered by the court.

*Id*. at 689 (emphasis in original).

The Court may also consider *Ball v. American Trial Lawyers Association*, 14 Cal. App.3d 289 (1971) (Exhibit GGG) in which the California court of appeals found error in the trial court's identification of the "relevant public" (again, under California unfair competition law) stating

> We think the trial court committed legal error in confining the relevant public to "the bench, members of the bar, law teachers, law students, and (perhaps) public officials." This segment of the relevant public was sufficiently substantial for the purposes of ascertaining whether the tradename had acquired a secondary meaning. However, on the broader question of likelihood of confusion, we feel that the relevant public includes that cross-section of the populace who may come into contact with the names or the respective reputations of either organization, the activities of either organization or of its respective members, or the official positions or views of either organization upon contemporary controversial legal problems.

*Id*. at 241.

Undoubtedly, the Lanham Act protects the "purchasing public," but in this case the "purchasing public," is necessarily broader than just the point-of-sale consumer. The "purchasing public," includes, at a minimum, the potential purchasers of legal education services (*i.e.*, before point of sale). The Poret survey tested confusion among "prospective law students," which can include point-of-sale customers as well as potential purchasers before the point-of-sale.

STCL relied on *Bank of Texas v. Commerce Southwest, Inc.*, 741 F.2d 785 (5th Cir. 1984) for the proposition that no point-of-sale applicant would accept admission to Houston College of Law thinking it was UH's college of law. That reliance is misplaced. First, unlike

2

the weak mark at issue in *Bank of Texas* (*i.e.*, the Fifth Circuit held no secondary meaning, *id*. at 788), the UH brand is commercially strong and well known.  This is indisputable.  Second, the survey and other confusion evidence of record do not support narrowing the relevant public to law students in the act of purchasing admission.  Indeed, STCL's own marketing director (Summers) testified that the relevant class is well beyond the scope of enrolled or enrolling students.  Further, there is no evidence that the only type of confusion of record is "initial interest" confusion, since prospective law students likely include students who are well into the applications process.  A prospective student who mistakenly chooses not to apply to UH's college of law because of confusion over "Houston College of Law" should be included in the relevant "purchasing public."  As compared to banking at the wrong bank, which can be remedied, mistakenly not applying to UH because of confusion caused by the similarity of "Houston College of Law" is irreparable.

## II.   Additional Instances of Confusion Since the Hearing

After the hearing concluded, UH became aware of additional instances of confusion in the marketplace caused by the similarity of the HOUSTON COLLEGE OF LAW name.

### A.   Confusion at the Texas Board of Law Examiners

On August 29, 2016, the Texas Board of Law Examiners sent UHLC an email requesting UHLC certify whether a particular individual is qualified to sit for the bar exam.  The individual was not (and had never been) a student at the UH college of law and in fact is a student at defendant STCL.  *See* Exh. HHH, Gabriel Decl.

### B.   SMU Identified an STCL Professor as Affiliated with UH

On August 26-27, 2016, SMU's Dedman School of Law hosted a "Texas Legal Scholars Workshop" (presented by SMU Dedman School of Law and the University of Houston Law

Center).   *See*   http://www.law.smu.edu/news/2016/august/the-2016-texas-legal-scholars-workshop.  The attached declaration of Marcilyn Burke explains how SMU used the shorthand "Houston" for both University of Houston Law and Houston College of Law in its roster of attendees, and shows a photograph of STCL professor Joseph Leahy holding a seating placard provided by SMU identifying him as "Joseph Leahy University of Houston Law Center."  *See* Exh. III, Burke Decl.

### C.   Law Professors are Confused

In a letter by 123 law school professors to members of Congress concerning opposition to the possible impeachment or censure of the IRS Commissioner, Professor Bruce McGovern of STCL was identified as affiliated with the "Houston ***Law School***" (emphasis supplied), and UHLC Professor Paul Asofsky was identified as affiliated with the "Univ. of Houston ***Law School***" (emphasis supplied).

| 37 | Texas | Professor Mark Cochran | St. Mary's Law School |
| 38 | Texas | Professor Bruce McGovern | Houston Law School |
| 39 | Texas | Assistant Professor Susan Morse | Univ. of Texas Law School |
| 40 | Texas | Professor Paul Asofsky | Univ. of Houston Law School |
| 41 | Texas | Professor Terri Hedge | Texas A&M Law School |

*See* http://taxprof.typepad.com/files/koskinen-impeachment-.pdf

This shows the lack of control UH (and STCL) has over how third parties within (and without) the legal community refer to the University of Houston Law Center and the University of Houston College of Law.  The similarity of the conflicting marks makes these informal or shorthand references likely to cause confusion in the marketplace.

### III.   Marketplace Presence of HOUSTON LAW During 2011 - 2016

To the extent STCL made it appear at the hearing that UH had only used HOUSTON LAW to market its legal education services and products since filing the lawsuit (*i.e.*, after June

27, 2016), UH would direct the Court to consider the many HOUSTON LAW ads collected in Exhibit XX, tab 5, to UH's motion briefing (Dkt. No. 48) and the HOUSTON LAW ad from 2011 presented in the Complaint (Dkt. No. 1 at ¶30).   The supplemental declaration of Ms. Criado submitted herewith (Exhibit JJJ) provides precise Bates number cites for these previously submitted ads and the dates the ads were run.

## IV.    STCL's Argument About "Dilution by Tarnishment" is Off-Base

During the hearing, STCL argued that UH's reliance on the market presence of the UH brand (in education and athletics) is only relevant for a claim of dilution by tarnishment and is not relevant to infringement or unfair competition at issue in this motion.  *See* 8/26/2016 Hearing Trans. at 159. This argument is incorrect.  The many ways discussed at the hearing in which the UH brand is marketed were all related to the typical services of a university composed of multiple colleges, graduate programs and elite collegiate athletic programs.  Dividing out the college of law from the university itself ignores reality and the many ways in which the UH marks are encountered by the general public and specifically, the relevant public.  STCL's arguments that the preliminary injunction motion can only be decided based on trademark or unfair competition analysis between the UNIVERSITY OF HOUSTON LAW CENTER mark and HOUSTON COLLEGE OF LAW mark, and that the market presence of UNIVERSITY OF HOUSTON marks cannot be considered are specious.  UH has moved for a preliminary injunction based on infringement of its registered "University of Houston" trademarks (*see, e.g.*, registration nos. 3.025,231; 3,866,209; 4,116,569) (Exh. C at 3-5), as well as its common law and other registered marks.  *See* UH Motion (Dkt. No. 27 at 5-12).  The market presence and brand awareness of the University of Houston, such as shown by educational and athletic ads, is

relevant to UH's claims of infringement and unfair competition by the HOUSTON COLLEGE OF LAW mark and logo.

Dated September 2, 2016

*Of Counsel*:

SUTTON MCAUGHAN DEAVER PLLC

Elizabeth W. King
Texas Bar No. 00788710
S.D. Tex. No. 433,387
eking@smd-iplaw.com
Robert J. McAughan, Jr.
Texas Bar No. 00786096
S.D. Tex. No. 16,501
bmcaughan@smd-iplaw.com
Albert B. Deaver, Jr.
Texas Bar No. 05703800
S.D. Tex. No. 11,300
adeaver@smd-iplaw.com
Jeffrey A. Andrews
Texas Bar No. 24050227
S.D. Tex. No. 608,251
jandrews@smd-iplaw.com
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 800-5700
Facsimile: (713) 800-5699

THE BUZBEE LAW FIRM

*s/Anthony G. Buzbee by permission ABD*
Anthony G. Buzbee
Attorney-in-Charge
Texas Bar No. 24001820
S.D. Tex. No. 22,679
tbuzbee@txattorneys.com
JP Morgan Chase Tower
600 Travis
Suite 7300
Houston, TX 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys For Plaintiffs The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions; The University of Houston System; and The Board of Regents of the University of Houston System*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and exhibits, if any, have been served via the Court's ECF system on those counsel of record who have registered as filing users of the ECF system for this case pursuant to LR 5.1, and by mail on those counsel of record who are not registered as filing users with ECF, as of this 2nd day of September 2016.


*s/ Albert B. Deaver, Jr.*
Albert B. Deaver, Jr.