**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions;<br>The University of Houston System; and The Board of Regents of the University of Houston System,<br><br>Plaintiffs,<br><br>v.<br><br>South Texas College of Law,<br><br>Defendant. | Civil Action No. 4:16-cv-01839<br><br>JURY |

**PLAINTIFFS UH'S ANSWER TO**
**DEFENDANT STCL'S FIRST AMENDED COUNTERCLAIMS**

Plaintiffs The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions; The University of Houston System; and The Board of Regents of the University of Houston System (collectively "UH") file this Answer to the First Amended Counterclaims of Defendant Houston College of Law, Inc.'s, formerly known as South Texas College of Law, ("STCL") First Amended Answer, Affirmative Defenses and Counterclaims, Dkt. No. 55, ("First Amended Counterclaims") and state as follows:

127. In response to Paragraph 127, UH does not dispute that STCL has advanced counterclaims for cancellation of U.S. Trademark Registration No. 4,650,772; for a declaration of invalidity as to alleged common law marks; for a declaration of abandonment of alleged trademark rights in the name "University of Houston College of Law," and for a declaration of

non-infringement as to the asserted marks. UH DENIES any remaining allegations in Paragraph 127 of the First Amended Counterclaims.

**Jurisdiction and Venue**

128. In response to Paragraph 128 of the First Amended Counterclaims, UH does not dispute that STCL has advanced counterclaims under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* UH does not dispute that the Court has subject matter jurisdiction over this dispute. UH DENIES any remaining allegations in Paragraph 128 of the First Amended Counterclaims.

129. In response to Paragraph 129 of the First Amended Counterclaims, UH is not challenging the propriety of venue in this District under 28 U.S.C. § 1391(b), (c).

**Parties**

130. UH admits the allegations in Paragraph 130.

131. On information and belief, in response to paragraph 131 of the First Amended Counterclaims, UH admits that STCL is a domestic nonprofit corporation with an address at 1303 San Jacinto Street, Houston, Texas 77002.

**Factual Allegations**

132. In response to Paragraph 132, UH admits that The University of Houston System which comprises the UH plaintiffs, owns U.S. Trademark Registration No. 4,650,772 for the mark HOUSTON. UH admits that the subject trademark was registered on the Principal Register on December 9, 2014. UH admits that the registration for the subject mark is not more than five years of age and thus not subject to protections conferred by Sections 14 and 15 of the Lanham Act. UH DENIES any remaining allegations in Paragraph 132 of the First Amended Counterclaims.

133. In response to Paragraph 133, UH admits that UH holds common law rights to the marks UNIVERSITY OF HOUSTON COLLEGE OF LAW, UNIVERSITY OF HOUSTON LAW CENTER, HOUSTON LAW, and the red and white color scheme used in conjunction with its various common law and federally registered trademarks for its goods and services. Further, UH admits that the marks UNIVERSITY OF HOUSTON COLLEGE OF LAW, UNIVERSITY OF HOUSTON LAW CENTER, HOUSTON LAW, and the red and white color scheme are not federally registered. Further, UH admits that HOUSTON LAW is the subject of a federal trademark application. UH DENIES the remaining allegations in Paragraph 133 of the First Amended Counterclaims.

134. UH DENIES the allegation in Paragraph 134.

135. UH admits that STCL has filed an application with the U.S. Patent and Trademark Office to register HOUSTON COLLEGE OF LAW and Design (logo) as a trademark (Application Serial No. 87035349). UH DENIES that the aforementioned mark belongs to STCL. UH DENIES the remainder of the allegations in Paragraph 135.

136. UH DENIES the allegations in Paragraph 136.

**COUNT I — CANCELLATION OF U.S. REGISTRATION NO. 4,650,772**

137. UH incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

138. UH DENIES the allegations in Paragraph 138.

139. UH DENIES the allegations in Paragraph 139.

140. In response to Paragraph 140, UH does not dispute that the Court has the power to order the cancellation of trademark registrations under 15 U.S.C. § 1119. UH DENIES the remaining allegations in Paragraph 140 of the First Amended Counterclaims.

**COUNT II – DECLARATORY JUDGMENT**

141. UH incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

142. UH does not dispute that an actual, present and justiciable case and controversy concerning UH's rights to enforce certain marks and STCL's alleged right to use the HOUSTON COLLEGE OF LAW name alone or in conjunction with other designs, and/or alone or in conjunction with the red and white color scheme exists. UH DENIES the remaining allegations in Paragraph 142 of the First Amended Counterclaims.

143. UH does not dispute that an actual, present and justiciable case and controversy concerning the validity and protectability of UH's common law marks—UNIVERSITY OF HOUSTON COLLEGE OF LAW and HOUSTON LAW, and UH's red and white color scheme—exists. UH DENIES the remaining allegations in Paragraph 143 of the First Amended Counterclaims.

144. UH does not dispute that STCL seeks a declaration that the rights UH owns in the mark UNIVERSITY OF HOUSTON COLLEGE OF LAW have become abandoned and thus unenforceable due to what STCL alleges is UH's discontinuance of use of such mark. UH DENIES the remaining allegations in Paragraph 144 of the First Amended Counterclaims.

145. UH does not dispute that STCL seeks a declaration that STCL does not and has not directly or indirectly infringed any of UH's trademarks. UH DENIES the remaining allegations in Paragraph 145 of the First Amended Counterclaim.

**DEMAND FOR JURY CHARGE**

146. No response is required to STCL's request for a jury trial. However, Plaintiffs demands a jury trial on issues so triable.

**PRAYER FOR RELIEF**

147. These paragraphs set forth the statement of relief requested by STCL to which no response is required. UH DENIES that STCL is entitled to any of the requested relief whatsoever.

Dated September 12, 2016

**THE BUZBEE LAW FIRM**
*s/ Anthony G. Buzbee by permission ABD*
Anthony G. Buzbee
Attorney-in-Charge
Texas Bar No. 24001820
S.D. Tex. No. 22,679
tbuzbee@txattorneys.com
JP Morgan Chase Tower
600 Travis
Suite 7300
Houston, TX 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Of Counsel*:

**SUTTON MCAUGHAN DEAVER PLLC**

Elizabeth W. King
Texas Bar No. 00788710
S.D. Tex. No. 433,387
eking@smd-iplaw.com
Robert J. McAughan, Jr.
Texas Bar No. 00786096
S.D. Tex. No. 16,501
bmcaughan@smd-iplaw.com
Albert B. Deaver, Jr.
Texas Bar No. 05703800
S.D. Tex. No. 11,300
adeaver@smd-iplaw.com
Jeffrey A. Andrews
Texas Bar No. 24050227
S.D. Tex. No. 608,251
jandrews@smd-iplaw.com
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 800-5700
Facsimile: (713) 800-5699

*Attorneys For Plaintiffs The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions; The University of Houston System; and The Board of Regents of the University of Houston System*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document and exhibits, if any, have been served via the Court's ECF system on those counsel of record who have registered as filing users of the ECF system for this case pursuant to LR 5.1, and by mail on those counsel of record who are not registered as filing users with ECF, as of this 12th day of September 2016.

*s/ Albert B. Deaver, Jr.*
Albert B. Deaver, Jr.