United States District Court
Southern District of Texas
**ENTERED**
September 13, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF HOUSTON SYSTEM ON BEHALF OF THE UNIVERSITY OF HOUSTON SYSTEM AND ITS MEMBER INSTITUTIONS et al., <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> HOUSTON COLLEGE OF LAW, INC., formerly known as SOUTH TEXAS COLLEGE OF LAW, <br><br> Defendant/Counter-Plaintiff. | CIVIL ACTION NO. 4:16-CV-1839 <br><br> Honorable Keith P. Ellison |

## ORDER FOR SUPPLEMENTAL BRIEFING

Before the Court is Plaintiffs' Motion for Preliminary Injunction. In arguing the motion, the parties have primarily focused on the likelihood of point-of-sale confusion.[1] But, while point-of-sale confusion is the "most common and widely recognized type of confusion that creates infringement," it does not "mark the outer boundaries of trademark infringement." McCarthy, § 23:5. Indeed, as Plaintiffs correctly noted, (Doc. No. 45 ("Reply"), at 15), the Fifth Circuit has expressly adopted this broader conception of trademark infringement:

> [Trademark infringement] can be based upon confusion that creates initial consumer interest, even though no actual sale is finally completed as a result of the confusion. Initial-interest confusion gives the junior user credibility during the early stages of a transaction and can possibly bar the senior user from consideration by the consumer once the confusion is dissipated.

*Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 204 (5th Cir. 1998).

---

[1] Point-of-sale confusion exists when a purchaser is confused as to a product's source at the time he purchases the product. 4 McCarthy on Trademarks and Unfair Competition § 23:5 (4th ed.).

1

Plaintiffs briefly referenced initial-interest confusion in their briefing, and both parties addressed it to varying degrees at the hearing,[2] but the Court requires further assistance in delineating the outer contours of the doctrine. The parties are therefore ordered to submit supplemental briefs addressing the doctrine of initial-interest confusion and its application to the case at bar.

Plaintiffs should file their supplemental briefing by no later than 11:59 p.m. on Tuesday, September 20, 2016. Defendant should file a brief in response by no later than 11:59 p.m. on Tuesday, September 27, 2016.

**IT IS SO ORDERED.**

**SIGNED** on this the 13th day of September, 2016.

_/s/ Keith P. Ellison_
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[2] (*See* Reply at 15 (citing *Elvis*, 141 F.3d at 204); PI Hr'g Tr. 88:14-89:6, 94:19-95:8, and 96:17-23 (Plaintiffs referencing initial interest confusion); and PI Hr'g Tr. 169-171 (Defendant discussing initial interest confusion).)