## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement"), effective as of the last date on which it has been executed below by all of the Parties (the "Effective Date"), is by and among the following:

*The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions;*
*The University of Houston System;*
and
*The Board of Regents of the University of Houston System,*

and

*South Texas College of Law Houston, Inc.*, a Texas corporation.

**WHEREAS**, as of June 22, 2016, STCLH's legal name was South Texas College of Law and it provided legal education services and other related goods and services;

**WHEREAS**, on June 22, 2016, STCLH announced that it was changing its name to Houston College of Law and on July 1, 2016, its legal name was changed to Houston College of Law, Inc.;

**WHEREAS**, on June 27, 2016, UH filed a lawsuit against STCLH in the United States District Court for the Southern District of Texas, Houston Division, alleging, among other things, trademark infringement and unfair competition based on use in commerce of "HOUSTON COLLEGE OF LAW" and a red and white colored logo also using "HOUSTON COLLEGE OF LAW;"

**WHEREAS**, on October 14, 2016, the Court granted UH's motion for preliminary injunction against STCLH's continued use of "HOUSTON COLLEGE OF LAW" during the pendency of the Lawsuit based on UH's rights in the UNIVERSITY OF HOUSTON and UNIVERSITY OF HOUSTON LAW CENTER trademarks; and

**WHEREAS**, STCLH has renamed itself "SOUTH TEXAS COLLEGE OF LAW HOUSTON" and has ceased use of "HOUSTON COLLEGE OF LAW" as its name regardless of the ultimate outcome of the Lawsuit, and the Parties desire to settle the Lawsuit on the following terms and conditions to avoid further inconvenience and expense.

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, and conditions contained here, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **DEFINITIONS**

   The following terms and phrases have the following meanings for all purposes of this Agreement.

   1.1. "*Accused Marks*" means HOUSTON COLLEGE OF LAW and the logo

   

   1.2. "*Asserted Marks*" means federal trademark registration no. 4,116,569 for UNIVERSITY OF HOUSTON as used with the identified goods and services, and the common law marks UNIVERSITY OF HOUSTON and UNIVERSITY OF HOUSTON LAW CENTER for legal education services and related goods and services.

   1.3. "*Associated Mark*" has the meaning set forth in Section 8.5.1.

   1.4. "*HOUSTON Marks*" means U.S. trademark application serial no. 87/080,901, and any other trademark right claimed by UH to the word "HOUSTON" alone. U.S. trademark registration No. 4,650,772 is not a **HOUSTON Mark** because of the stylization of the lettering.

   1.5. "*Lawsuit*" means that certain litigation styled, *The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions, The University of Houston System and The Board of Regents of the University of Houston System v. South Texas College of Law*, Civil Action No. 4:16-cv-1839 (S.D. Tex. 2016)(The Honorable Keith Ellison presiding).

   1.6. "*STCLH*" means South Texas College of Law Houston, Inc. and its predecessor entities of Houston College of Law, Inc. and South Texas College of Law, its successors and affiliates, and its officers, directors, agents, servants, employees and attorneys, and other entities who are in active concert or participation with any of them.

   1.7. "*STCLH Crest Logo*" means 

   1.8. "*Party*" means UH and STCLH, individually, and "*Parties*" means UH and STCLH collectively.

1.9. "**UH**" means, individually and collectively, The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions; The University of Houston System; and The Board of Regents of the University of Houston System.

2. **PHASE OUT OF ACCUSED MARKS**

    2.1. On November 7, 2016, STCLH filed papers with the Texas Secretary of State to change its legal name from Houston College of Law, Inc. to South Texas College of Law Houston, Inc.

    2.2. As of the Effective Date, STCLH has ceased all past and current uses of the Accused Marks in commerce as a name or source identifier, including, without limitation, on:

    2.2.1. All merchandise offered for sale or gifted to others, including, without limitation, through the STCLH bookstore at STCLH's 1303 San Jacinto Street campus and STCLH's online bookstore (http://hcl.bncollege.com/).

    2.2.2. All signage at STCLH's campus at 1303 San Jacinto Street.

    2.2.3. All billboards.

    2.2.4. All social media accounts controlled by STCLH.

    2.2.5. All electronic communications, including, but not limited to email, text, SMS and iMessage.

    2.2.6. All printed materials.

    2.2.7. Websites, webpages, social media accounts, email systems, domain names, URLs and all other electronic communication systems.

    2.2.8. All physically printed materials, including, without limitation, brochures.

    2.3. As of the Effective Date, STCLH has sent correspondence to the last known address in its records (physical and/or email) to its alumni and existing STCLH students informing them that STCLH has discontinued use of HOUSTON COLLEGE OF LAW as a name and source identifier and to proceed with the name and source identifier South Texas College of Law Houston.

    2.4. Within 5 days of the Effective Date, STCLH shall file documents with the United States Patent and Trademark Office expressly abandoning trademark application serial number 87/035,349, and any other application for trademark using the Accused Marks.

2.5. In lieu of an order of injunction entered by the Court in the Lawsuit, STCLH voluntarily, intentionally and irrevocably agrees that as of the Effective Date:

2.5.1. STCLH has abandoned any and all rights in and to the Accused Marks, and has abandoned any and all rights in and to any word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to the Asserted Marks;

2.5.2. STCLH will forever desist from displaying or otherwise using, in commerce as a name or source identifier, the Accused Marks, and any word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to the Asserted Marks;

2.5.3. STCLH will forever desist from using in commerce as a source identifier a red and white color scheme in direct association with the word "HOUSTON," such as was done in the following logo:



For the avoidance of doubt, nothing in this paragraph shall be construed to prohibit STCLH from using the color red, including crimson, as an accent color;

2.5.4. STCLH will forever desist from encouraging, inducing, aiding or abetting others from displaying or otherwise using, in commerce as a name or source identifier, the Accused Marks, and any word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to the Asserted Marks; and

2.5.5. STCLH will use reasonable efforts to encourage others including, without limitation, STCLH alumni, STCLH current students, STCLH potential students, STCLH vendors, the media and law school service providers, to not display or otherwise use the Accused Marks in commerce as a name or source identifier of STCLH.

3. **NO CHALLENGE**

As of the Effective Date of this Agreement, STCLH agrees to never challenge or aid the challenge by another of the ownership or validity of any trademark registration or common law right in the marks "UNIVERSITY OF HOUSTON" or "UNIVERSITY OF HOUSTON LAW CENTER" or "HOUSTON LAW" or "HOUSTON" as used by the University of Houston System for legal education services and related goods and services.

4. **NOTICE OF BREACH**

If either Party believes that the other Party is in breach of any term or condition of this Agreement, then it shall provide written notice to the other Party detailing such alleged breach. Upon receipt of such notice, the Parties shall meet, at least 30 days prior to the filing of any legal action seeking remedies related to such breach, and work in good faith to reach a resolution.

5. **APPROVED STATEMENT**

5.1. To the extent UH believes it is reasonably necessary or beneficial for it or its agents to notify one or more third parties about STCLH's obligation to phase out or no longer use the Accused Marks, STCLH agrees that UH may notify third parties, including any member of the public, concerning all or a portion of the following facts at UH's sole discretion:

5.1.1. The court granted UH's motion to preliminarily enjoin STCLH's use of "HOUSTON COLLEGE OF LAW" pending resolution of the dispute by trial, and may provide a copy of the Court's *Memorandum Opinion Setting Out Findings of Fact and Conclusions of Law*.

5.1.2. Rather than proceed to trial, the Parties agreed to resolve this dispute by settlement.

5.1.3. STCLH says it has stopped using the Accused Marks, and the school's new name going forward is South Texas College of Law Houston.

5.1.4. UH requests that the recipient identify or refer to STCLH as "South Texas College of Law Houston."

5.1.5. UH requests that the recipient **not** identify or refer to STCLH as

5.1.5.1. "Houston College of Law" or

5.1.5.2. "Houston Law" or

5.1.5.3. "South Texas College of Law Houston, formerly known as Houston College of Law."

6. **MUTUAL RELEASE**

   **6.1.** Each of the Parties for themselves, their employees, officers, directors, trustees, faculty, attorneys, representatives, agents, servants, successors and assigns, hereby unconditionally release, acquit and forever absolutely discharge each other, their employees, officers, directors, attorneys, representatives, agents, servants, successors and assigns, from any and all actions, causes of actions, claims, debts, defenses, disabilities, accounts, demands, damages, claims for indemnification or contributions, costs, expenses or fees whatsoever, whether arising in the United States or elsewhere, whether known or unknown, certain or speculative, asserted or unasserted, relating in any way to the subject matter made the basis of the claims and defenses in the Lawsuit.

   **6.2.** This release does not apply to breaches of this Agreement by any of the Parties or to acts or omissions by STCLH occurring after the Effective Date, with respect to the Accused Marks or any word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to the Asserted Marks.

7. **DISPOSITION OF THE LAWSUIT**

   After the Effective Date, the Parties shall jointly file with the Court a Joint Motion of Dismissal seeking an order dismissing all claims without prejudice and all counterclaims without prejudice, ordering each Party to bear its own costs and expenses, and having the Court retain jurisdiction over this Agreement.

8. **STCLH'S USE OF "HOUSTON"**

   **8.1.** For so long as STCLH is not in breach of this Agreement, UH consents to and will not challenge the use by STCLH as a name or source identifier and will not challenge registration by STCLH of the following marks:

   **8.1.1.** "SOUTH TEXAS COLLEGE OF LAW HOUSTON," including without limitation trademark application serial number 87/234,925,

   **8.1.2.** "STCL HOUSTON," and

   **8.1.3.** the integral combination of the STCLH Crest logo with the word Houston, such as shown in the image below:

   

8.2. In addition to the three marks listed in Section 8.1, and for so long as STCLH is not in breach of this Agreement, UH consents to and will not challenge STCLH's use of the word HOUSTON as a name or source identifier for the law school, for an agency or clinic associated with the law school, and/or for a journal associated with the law school, so long as each such use complies with each of the following three rules:

8.2.1. The word HOUSTON shall not appear as the first word or as a surname at the front of the name or source identifier, such as, and for example only, HOUSTON METROPOLITAN LAW SCHOOL.

8.2.2. The word HOUSTON shall not be used with solely generic matter, such as, and only for example, COLLEGE OF LAW OF HOUSTON, or HOUSTON LAW SCHOOL, or SOUTH HOUSTON TEXAS SCHOOL OF LAW.

8.2.3. The word HOUSTON shall not be immediately followed by generic matter, such as, and only for example, METROPOLITAN HOUSTON SCHOOL OF LAW.

8.3. For so long as STCLH is not in breach of this Agreement, UH will not challenge registration of a name or source identifier that complies with Section 8.2.

8.4. For avoidance of doubt, STCLH covenants not to use the word HOUSTON alone as a name or source identifier for the law school, for an agency or clinic associated with the law school, and/or for a journal associated with the law school.

8.5. For so long as STCLH is not in breach of this Agreement, UH covenants not to assert the HOUSTON Marks against STCLH's additional use of the word HOUSTON, so long as each such additional use is:

8.5.1. in physical proximity to a name or source identifier for the STCLH law school that complies with Sections 8.1 or 8.2, and also complies with Section 8.4, or in physical proximity to a name or source identifier that does not contain the word HOUSTON, such name or source identifier being an "Associated Mark;" and

8.5.2. the visual presentation of HOUSTON with the Associated Mark shall be no more than 2 times the font size for an Associated Mark having a font size up to 24 points and no more than 3 times the font size for an Associated Mark having a font size larger than 24 points.

8.6. Nothing in this Agreement limits STCLH from using "HOUSTON" to refer to the geographical location of STCLH's campus, relying on and asserting the principles of trademark fair use, or referring in a historically factual manner that STCLH was temporarily named Houston College of Law.

8.7. Nothing in this Agreement limits UH from challenging in court or otherwise, as a breach of this Agreement or otherwise, STCLH's future use of "HOUSTON" other than as expressly allowed in this Agreement.

9. **NOTICES**

   9.1. Any communication, notice, or disclosure required or permitted by this Agreement shall be in writing and sent by certified mail, and shall be deemed received by the recipient Party on the date of its actual receipt thereof. In all cases, notice shall be addressed to the Party for whom it is intended at its address set forth below or to such other address as a Party shall have designated by notice in writing to the other Party in the manner provided by this Section:

   9.2. **If to UH**:

   General Counsel
   University of Houston System
   4302 University Dr., Suite 317
   Houston, Texas 77204
   Tel.: (832) 842-5931

   9.3. **If to STCLH**:

   General Counsel
   South Texas College of Law Houston, Inc.
   1303 San Jacinto Street
   Houston, Texas 77002-7006
   Tel.: (713) 659-8040

10. **AUTHORITY**

    Each of the Parties represents and warrants that this Agreement, as well as the terms, obligations, and undertakings provided for herein, are authorized, and each of the Parties further agrees that it shall not later attempt to claim that it did not duly approve and authorize this Agreement.

11. **SEVERABILITY**

    If any part of this Agreement is deemed to be invalid in any court of law, the remaining provisions of this Agreement shall remain in full force and effect, and may be enforced in accordance with the provisions hereof.

12. **JOINTLY DRAFTED**

    This Agreement was jointly negotiated and drafted by the Parties and/or their respective counsel, and shall not be construed against any Party as the drafter hereof.

13. **BINDING**

This Agreement shall be binding upon, and shall inure to the benefit of, the Parties and their respective officers, employees, executives, affiliates, subsidiaries, administrators, legal representatives, heirs, related entities, successors, assigns and licensees, if any. In the event that UH formally and officially changes its name and intentionally ceases using the word "HOUSTON" as a trademark in commerce, Sections 2, 3 and 8.4 of this Agreement shall terminate and cease to have any binding effect on any Party.

14. **INDEPENDENT COUNSEL**

Each Party has been represented by independent counsel, performed its own independent investigation, and each Party executes this Agreement after consultation with its independent counsel.

15. **WHEREAS, HEADINGS AND CAPTIONS**

The factual statements made by a Party in the WHEREAS clauses in this Agreement are not admissions by the other Party. All headings and captions in this Agreement are for convenience only. No WHEREAS clause, heading or caption shall be deemed part of this Agreement, and shall not in any way define, limit, extend or describe the scope or intent of any provision hereof.

16. **COUNTERPARTS**

This Agreement may be executed in counterparts, all of which taken together shall constitute one agreement binding on all the Parties notwithstanding that all the Parties are not signatories to the original or the same counterpart.

17. **INTEGRATION**

This Agreement contains the entire agreement and understanding between the Parties with respect to the subject matter hereof, and there are no other understandings or agreements, oral or otherwise, between the Parties with respect to the subject matter hereof. This Agreement supersedes and voids all prior drafts and understandings, oral or written, of this Agreement and its subject matter, and that no draft or prior version of this Agreement may be used to interpret this Agreement. Each Party acknowledges that no other Party, nor any agent or attorney of any Party, has made any promise, representation, or warranty whatsoever, and acknowledges that the Party has not executed or authorized the execution of this Agreement in reliance upon any promise, representation or warranty that is not expressly set forth herein.

18. **WAIVER**

The failure of a Party to exercise or enforce any right conferred upon it by this Agreement shall not be deemed to be a waiver of any such right or operate to bar the exercise or enforcement thereof at any time or times thereafter.

Settlement Agreement
Among UH and STCLH

Page 9 of 10

19. **NO AMENDMENT**

    This Agreement cannot be amended or changed except by a written agreement executed by all of the Parties hereto.

20. **CHOICE OF LAW**

    This Agreement will be interpreted, enforced, and governed by and under the laws of the State of Texas, without regard to the principles of choice of law.

21. **ELEVENTH AMENDMENT IMMUNITY**

    Nothing herein shall be construed to be a waiver of UH's or the State of Texas' Eleventh Amendment immunity. Notwithstanding the preceding sentence, it is STCLH's position that UH previously waived sovereign immunity, and that UH cannot now validly claim such immunity.

22. **EFFECTIVE DATE**

    This Agreement shall not become binding on any Party until duly and properly executed by all Parties.

    **IN WITNESS WHEREOF**, and intending to be bound hereby, the Parties have executed this Agreement on the dates indicated below.

*The Board of Regents of the University of Houston System on behalf of the University of Houston System and its Member Institutions*
*and*
*The University of Houston System*
*and*
*The Board of Regents of the University of Houston System*

By: [signature]
Name: Tilman Fertitta
Title: Chairman
Date: March 8, 2017

*South Texas College of Law Houston, Inc.*

By: [signature]
Name: Donald J. Guter
Title: President & Dean
Date: 9 March 2017